**Eddie Lee McNEILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–98–00079–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 18, 1999.

Rehearing Overruled May 14, 1999.

**22.** *Id.*

Stanley G. Schneider, Patricia Fortney-Sedita, Houston, for Appellant.

John B. Holmes, Keli Pool Roper, Houston, for Appellee.

Panel consists of Chief Justice SCHNEIDER and Justices O'CONNOR and TAFT.

## OPINION

MICHAEL H. SCHNEIDER, Chief Justice.

Appellant, Eddie Lee McNeill, without an agreed punishment recommendation, pled no contest to the charge of theft of money valued at over $200,000. The trial court sentenced him to 15 years in prison. In three points of error, appellant complains that: (1) his plea was involuntary; (2) the trial court erred in ordering him to pay $1.5 million in restitution as a condition of his parole; and (3) the trial court erred in ordering that restitution be paid to persons not named in his indictment. We affirm.

### McNeill's No Contest Plea

■ Although there is no reporter's record of the plea proceedings, and although appellant executed plea documents indicating he understood the consequences of his plea, appellant argues that the logical deductions from the record indicate that his plea was not freely and voluntarily given because it was based on his understanding that he would receive community supervision.[1] We disagree.

### Standard of Review

■ The voluntariness of a plea is determined by the totality of the circumstances. *Griffin v. State,* 703 S.W.2d 193, 196 (Tex.Crim.App.1986); *Edwards v. State,* 921 S.W.2d 477, 479 (Tex.App.—Houston [1st Dist.] 1996, no pet.). When the record shows that the defendant received an admonishment on punishment, there is a prima facie showing that the plea was knowing and voluntary. *Ex parte Williams,* 704 S.W.2d 773, 775 (Tex. Crim.App.1986). The burden then shifts to the defendant to show that he entered his plea without understanding the consequences. *Fuentes v. State,* 688 S.W.2d 542, 544 (Tex.Crim.App.1985). Once an accused attests that he understands the nature of his plea and that it was voluntary, he has a heavy burden to prove on appeal that his plea was involuntary. *Edwards,* 921 S.W.2d at 479. A plea will be involuntary only if the appellant affirmatively shows that the court's admonishments left him unaware of the consequences of his plea, and that he was misled or harmed. *Williams,* 704 S.W.2d at 775.

### Discussion

■ Here, the record indicates that appellant was properly admonished by the trial judge. In fact, in approving appellant's plea, the trial judge expressly found:

> After I admonished [appellant] of the consequences of his plea, I ascertained that [appellant] entered into it knowingly and voluntarily after discussing the case with the attorney of record in this case. It appears that [appellant] is mentally competent and the plea is free and voluntary.

Appellant has brought forth no evidence indicating that he did not understand the consequences of his plea.[2] Therefore, we overrule his first point of error.

### *Restitution as a Condition of Parole*

■ Next, appellant complains the trial court erred in ordering him to pay $1,500,000 in restitution as a condition of his parole.

■ A trial court has no authority to order restitution as a condition of parole. *Vargas v. State,* 830 S.W.2d 656, 658 (Tex. App.—Houston [1st Dist.] 1992 pet. ref'd). The authority to place conditions on a defendant's parole is solely within the purview of the Board of Pardons and Parole. TEX.CODE CRIM. P. ANN. art. 42.18, § 8(g) (Vernon Supp.1997); *Gallegos v. State,* 754 S.W.2d 485, 489 (Tex.App.—Houston [1st Dist.] 1988, no pet.). However, there is no prohibition against a trial court making a recommendation for restitution in its judgment. *Campbell v. State,* 942 S.W.2d 738, 741 (Tex.App.—Houston [14th Dist.] 1997, no pet.).

Here, the trial court initially ordered restitution as a condition of appellant's parole. However, after being informed by the prosecutor of this error, the court stated: "Based on what you are telling me, then the court at this time reforms its

---

1. As the State correctly points out, the entry of a plea in the hopes of receiving a lesser sentence does not invalidate the plea. *See Ex parte Evans,* 690 S.W.2d 274, 278 (Tex.Crim. App.1985).

2. In fact, the evidence is to the contrary. Appellant's plea specifically states:

"I intend to enter a plea of no contest and the prosecutor will recommend that my punishment should be set at no agreement, the court will assess my punishment anywhere within the range of punishment ... after a presentence investigation."

sentence to recommend that the conditions of parole will be $1.5 million." Moreover, the judgment addendum references appellant's offense report, which provides that "[t]he court recommended $1,500,000 [in] restitution as a condition of parole." We hold that the trial court did not improperly order restitution as a condition of appellant's parole.

We overrule appellant's second and third points of error.[3]

The judgment of the trial court is affirmed.

**3.** Because the trial court only made a recommendation of restitution, we find the court did not impermissibly order that restitution be paid to persons not named in the indictment.