In The
Court of Appeals
For The
First District of Texas
_______________

NO. 01–01-01143-CR
_______________


ESMERALDA IBANEZ, A/K/A ESMERALDA BANEZ, Appellant
V.
THE STATE OF TEXAS, Appellee
                                                                                                                                           
On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 873915
                                                                                                                                            

MEMORANDUM OPINION

         Appellant, Esmeralda Ibanez, a/k/a Esmeralda Banez, pleaded guilty, without
an agreed recommendation as to punishment, to the felony offense of escape, habitual
offender. After a presentence investigation (PSI) was conducted, the trial court
assessed punishment at 25 years’ confinement. 
          Counsel has filed a brief stating her opinion that the appeal is frivolous. The
brief meets the minimum requirements of Anders v. California, 386 U.S. 738, 744,
87 S. Ct. 1396, 1400 (1967), by presenting a professional evaluation of the record and
stating why there are no arguable grounds of error on appeal. See Gainous v. State,
436 S.W.2d 137, 138 (Tex. Crim. App. 1969).
          Counsel certifies that the brief was delivered to appellant, and she was advised
she had a right to file a pro se response, which she has done. Accordingly, we will
address the issues raised in appellant’s pro se response.
Ineffective Assistance
          In her first point of error, appellant alleges several instances of ineffective
assistance of counsel. We apply the usual Strickland standard of review, which
requires that appellant show both deficient performance by counsel and prejudice. 
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984);
Thompson v. State, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999). There is a strong
presumption that the counsel’s conduct was reasonable. Strickland, 466 U.S. at 689,
104 S. Ct. at 2065. A claim of ineffective assistance of counsel must be firmly found
in the record. Thompson, 9 S.W.3d at 813.
 
          1. Involuntary plea
          Appellant contends that trial counsel was ineffective because he led appellant
to believe that, if she pleaded guilty, she would receive deferred adjudication and
treatment for her drug addiction. However, nothing in the record supports appellant’s 
contention. To the contrary, the record shows that appellant was properly
admonished and that she represented to the court (1) that she was pleading guilty
because she was guilty; (2) no one had forced or threatened her to enter her plea; and
(3) no one had promised her anything in terms of what type of punishment she would
receive. Appellant was specifically informed that she could receive deferred
adjudication, but if the trial court chose not to defer adjudication, she could receive
between 25 years’ confinement to life. The trial court then told appellant, “Knowing
there aren’t any guarantees, you’re sure this is what you want to do?” Appellant
responded, “Yes, ma’m.” Furthermore, the trial court did not mention the possibility
of serving a portion of her sentence in a therapeutic community within the prison until
after appellant had pleaded guilty, the PSI hearing was held, and sentence actually
imposed. Thus, the trial court’s notation on the judgment that appellant was
requesting to be placed in a therapeutic community could not have caused appellant’s
plea to be involuntary. Similarly, there is nothing in the record to support appellant’s
claim that her trial counsel misled her into pleading guilty with a promise that she
would receive deferred adjudication. Accordingly, appellant has not rebutted the
presumption that her plea was voluntarily made. See McNeill v. State, 991 S.W.2d
300, 302 (Tex. App.–Houston [1st Dist.] 1999, pet. ref’d) (once defendant attests she
understands nature of plea and that it was voluntary, she has heavy burden to prove
on appeal plea was involuntary; plea will be involuntary only if appellant
affirmatively shows court’s admonishments left her unaware of consequences of her
plea and that she was misled or harmed).
          2.       Failure to Offer Mitigating Evidence
          Appellant also contends her trial counsel was ineffective because he did not
make an effective argument for deferred adjudication. Again, the record shows
otherwise. At the punishment hearing, counsel argued as follows:
It just seems [that] prison for that length of time [25 years] is not an
appropriate remedy. It may very well be that the Court could fashion a
deferred adjudication wherein S.A.F.P.F. and as many other residential
programs you could put her in once she got out of S.A.F.P.F. as the
Court could find would work. I know there’s a number available, where
she could go into those programs, that are treatment programs.
 
****
 
I would ask that the Court strongly consider a strict deferred probation
as the Court can mustard [sic] with regard to conditions, especially as
they relate to drug treatment.

          Thus, the record shows that trial counsel requested deferred adjudication with 
drug treatment as a condition of probation. Just because the trial court decided to do
otherwise does not render counsel ineffective.
          3.       Failure to Object to Prosecutor’s Reference to Violent Prior Offenses
          Appellant argues that counsel was ineffective for failing to object when the
prosecutor argued at the punishment hearing that two of appellant’s prior convictions
were for violent offenses. Appellant is correct in asserting that the actual
enhancement paragraphs on the indictment show a 1990 robbery conviction, which
is a violent offense, and a 1993 conviction for possession of a controlled substance,
which is not a violent offense. However, the prosecutor’s remark was not limited to
the convictions used to enhance; rather, he was referring to appellant’s entire criminal
history, as set forth in the PSI report. The PSI report shows that on November 9,
1990, appellant was convicted of both aggravated assault and robbery, both of which
are violent offenses. Thus, the prosecutor’s statement that appellant had two prior
convictions for violent offenses was a correct reference to the record. Counsel was
not ineffective for not objecting to a permissible argument by the prosecutor. See
Varughese v. State, 892 S.W.2d 186, 192 (Tex. App.—Fort Worth 1994, pet. ref’d)
(holding counsel is not ineffective for not objecting to State’s proper argument).
          4.       Inclusion of Dismissed Charges in PSI
          Appellant also contends counsel was ineffective for failing to object to two
previous offenses included, both of which showed that the charges had been
dismissed. However, there is no evidence in the record to show why counsel did not 
object. Perhaps, he felt that the inclusion of charges that had been dismissed actually
favored appellant. Therefore, appellant has failed to rebut the presumption that trial
counsel’s actions resulted from a reasonable trial strategy. Counsel’s allegedly
improper actions do not amount to deficient representation necessary to satisfy the
first prong of Strickland 466 U.S. at 669, 104 S. Ct. at 2064.
          We overrule the issues raised in appellant’s first point of error.
Sufficiency of the Evidence
          In her second point of error, appellant contends the evidence was insufficient
to support her guilty plea. When a defendant pleads guilty, the State must introduce
sufficient evidence into the record to support the plea and show the defendant is
guilty, and said evidence shall be accepted by the court as the basis for its judgment. 
Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2003); see also Ex parte
Martin, 747 S.W.2d 789, 792-793 (Tex. Crim. App. 1988). The evidence may be
stipulated if the defendant, in writing, waives the appearance, confrontation, and
cross-examination of witnesses and consents to the introduction of documentary
evidence in support of the judgment. Tex. Code Crim. Proc. Ann. art. 1.15. When
a defendant voluntarily enters a plea of guilty, we affirm the trial court’s judgment if
the evidence introduced embraces every essential element of the offense charged and
is sufficient to establish a defendant’s guilt. Stone v. State, 919 S.W.2d 424, 427
(Tex. Crim. App. 1996). The State was required to prove beyond a reasonable doubt
that appellant escaped from custody after having been arrested for, charged with, or
convicted of a felony. See Tex. Pen. Code Ann. § 38.06 (Vernon 2003).
          In this case, the record contains appellant’s signed judicial confession, which
tracks the allegations of the indictment. At the plea hearing, the State offered the
judicial confession into evidence without objection by appellant. A judicial
confession admitted into evidence and contained in the transcript is sufficient to
prove appellant’s guilt. Pitts v. State, 916 S.W.2d 507, 510 (Tex. Crim. App. 1996);
Dinnery v. State, 592 S.W.2d 343, 353 (Tex. Crim. App. 1980) (op. on reh’g).
          Furthermore, there was evidence presented at the PSI hearing that, after
appellant was arrested for aggravated assault, placed in handcuffs, and transported to
the Pasadena jail to be searched, the following occurred as the arresting officer was
taking appellant back to the police station to complete her booking:
[Appellant] was in the back seat with her hands behind her back.
[Officer Guinn] opened the door so [appellant] could exit the vehicle. 
While [appellant was exiting the vehicle, [the officer] turned away to
unlock the door to the office and [appellant] escaped by fleeing on foot. 
Justice of the Peace George Riesner was exiting the building and
observed [appellant] escape. The officer pursued [sic] [appellant], and
when he caught her, she took one hand out of the cuffs and began to
fight him. She grabbed his service weapon and tried to disarm him.
[Appellant] had [the officer’s] weapon with both hands trying to pull it
out of the holster.

Based on the evidence above, the trial court judge, as fact finder, had sufficient
evidence to conclude what appellant had committed the offense of felony escape.
          Accordingly, we overrule appellant’s second point of error.
Conclusion
          We have reviewed the record and counsel’s brief, and appellant’s pro se
response. We overrule all of appellant’s points of error and affirm the judgment.
          We grant appellant’s counsel’s motion to withdraw. See Stephens v. State, 35 
S.W.3d 770, 771 (Tex. App.—Houston [1st Dist.] 2000, no pet.).
          We affirm the judgment.
 
 
 
 
 
 
 
 
          Counsel still has a duty to inform appellant of the result of this appeal and also
to inform appellant that she may, on her own, pursue discretionary review in the
Court of Criminal Appeals. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim.
App. 1997).
 
 
                                                                        Sherry Radack
                                                                        Chief Justice
 
Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.
Do not publish. Tex. R. App. P. 47.