Donald Ray Pearson v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-081-CR

DONALD RAY PEARSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Donald Ray Pearson appeals the trial court’s judgment ordering, as conditions of parole, that he pay court costs of $283.00 and 
that he have no direct or indirect contact with Olga Alpista and Jorge Rivas.  Because the trial court lacked authority to set conditions of parole, we will delete the conditions of parole and affirm the trial court’s judgment as modified.

After Pearson entered a plea of not guilty, a jury convicted him of robbery causing bodily injury.  The trial court sentenced Pearson to twelve years’ confinement.  The trial court’s judgment also included the following:

COURT COST[S] IN THE AMOUNT OF $283.00 TO BE PAID AS A CONDITION OF PAROLE

DEFENDANT TO HAVE NO DIRECT OR INDIRECT CONTACT OF ANY KIND WITH INJURED PARTY, OLGA ALPISTA, AS CONDITION OF PAROLE

DEFENDANT TO HAVE NO DIRECT OR INDIRECT CONTACT OF ANY KIND WITH INJURED PARTY, JORGE RIVAS, AS CONDITION OF PAROLE

In a single point, Pearson argues that the trial court erred by setting these conditions of parole.  The State concedes that the judgment should be modified to delete the repayment of court costs as a condition of parole.
(footnote: 2)
 A Texas trial court is without authority to place any condition on a convicted defendant’s parole, including a condition that the defendant pay court costs.  
See 
Tex. Gov’t Code Ann.
 § 508.221 (Vernon 2004) (stating that
 authority to place conditions on a defendant’s parole is solely within the purview of the Board of Pardons and Paroles); 
McNeill v. State
, 991 S.W.2d 300, 302 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d, untimely filed) (stating that trial court may only
 recommend condition of parole); 
Burnett v. State
, No. 06-00-00147-CR, 2001 WL 82520, at *2 (Tex. App.—Texarkana Feb. 1, 2001, no pet.) (not designated for publication) (holding that trial court was without authority to order court costs to be paid as condition of parole).  When a trial court errs by purporting to impose a condition of parole in its judgment, the proper remedy is to modify the judgment to delete the invalid condition.
  Bray v. State
, 179 S.W.3d 725, 728-29 (Tex. App.—Fort Worth 2005, no pet.).  Here, the trial court erred by including conditions of parole in the judgment.  Accordingly, we sustain Pearson’s sole point
 and modify the judgment to delete the above quoted conditions of parole from the judgment.
 Having sustained Pearson’s sole point, we affirm the trial court’s judgment as modified.
  
See
 
Tex. R. App. P.
 43.2(b).

PER CURIAM

PANEL F: WALKER, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: April 20, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The State in its brief does not specify whether the remaining conditions of parole should be deleted.