COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-081-CR

 

 

DONALD RAY PEARSON                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

 

Appellant Donald
Ray Pearson appeals the trial court=s judgment ordering, as conditions of parole, that he
pay court costs of $283.00 and that he have no direct or indirect contact with
Olga Alpista and Jorge Rivas.  Because
the trial court lacked authority to set conditions of parole, we will delete
the conditions of parole and affirm the trial court=s judgment as
modified.








After Pearson
entered a plea of not guilty, a jury convicted him of robbery causing bodily
injury.  The trial court sentenced
Pearson to twelve years= confinement. 
The trial court=s judgment also included the following:

COURT
COST[S] IN THE AMOUNT OF $283.00 TO BE PAID AS A CONDITION OF PAROLE

 

DEFENDANT
TO HAVE NO DIRECT OR INDIRECT CONTACT OF ANY KIND WITH INJURED PARTY, OLGA
ALPISTA, AS CONDITION OF PAROLE

 

DEFENDANT
TO HAVE NO DIRECT OR INDIRECT CONTACT OF ANY KIND WITH INJURED PARTY, JORGE
RIVAS, AS CONDITION OF PAROLE

 

In a single point,
Pearson argues that the trial court erred by setting these conditions of
parole.  The State concedes that the
judgment should be modified to delete the repayment of court costs as a
condition of parole.[2]








A Texas trial
court is without authority to place any condition on a convicted defendant=s parole,
including a condition that the defendant pay court costs.  See Tex.
Gov=t Code Ann. ' 508.221 (Vernon 2004) (stating that authority to
place conditions on a defendant=s parole is solely within the purview of the Board of
Pardons and Paroles); McNeill v. State, 991 S.W.2d 300, 302 (Tex. App.CHouston [1st
Dist.] 1999, pet. ref=d, untimely filed) (stating that trial court may only
recommend condition of parole); Burnett v. State, No. 06-00-00147-CR,
2001 WL 82520, at *2 (Tex. App.CTexarkana Feb. 1, 2001, no pet.) (not designated for
publication) (holding that trial court was without authority to order court
costs to be paid as condition of parole). 
When a trial court errs by purporting to impose a condition of parole in
its judgment, the proper remedy is to modify the judgment to delete the invalid
condition.  Bray v. State, 179
S.W.3d 725, 728-29 (Tex. App.CFort Worth 2005, no pet.).  Here, the trial court erred by including
conditions of parole in the judgment. 
Accordingly, we sustain Pearson=s sole point and modify the judgment to delete the
above quoted conditions of parole from the judgment. Having sustained Pearson=s sole point, we affirm the trial court=s judgment as
modified.  See Tex. R. App. P. 43.2(b).

 

PER
CURIAM

 

PANEL F:    WALKER, GARDNER, and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: April 20, 2006











[1]See Tex. R. App. P. 47.4.





[2]The State in its brief
does not specify whether the remaining conditions of parole should be deleted.