# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00250-CR

**Candace Nichole Terrell, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 57503, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In a bench trial, appellant Candace Nichole Terrell was convicted of the offense of fraudulent use of identifying information. *See* Tex. Pen. Code Ann. § 32.51 (West Supp. 2006). Punishment was assessed at two years' confinement in state jail. In three issues on appeal, Terrell asserts that the district court erred in admitting and considering evidence of an extraneous offense and in "ordering" payment of court costs, attorney's fees, and restitution as a condition of parole. We will reform the district court's judgment to delete any imposition of parole conditions other than restitution and, as reformed, affirm.

## BACKGROUND

In two cause numbers, the State charged Terrell with fraudulent use of identifying

information and misapplication of fiduciary property. Only Terrell's conviction for fraudulent use of identifying information is currently before this Court.[1] After being admonished concerning her rights, Terrell entered a plea of guilty and her judicial confession was admitted into evidence. In her confession, Terrell admitted to intentionally and knowingly obtaining, possessing, transferring, and using the identifying information of Scott Stevens, without his consent and with the intent to harm and defraud another. Having determined that the evidence was sufficient to find Terrell guilty, the district court withheld a finding of guilt and proceeded to sentencing.

The following evidence was introduced during Terrell's sentencing hearing. Stevens, a licensed attorney, testified that he hired Terrell in December 2004 as a file clerk for his law office. According to Stevens, Terrell's duties were those typical of a receptionist—answering the phone, scheduling tasks, and sorting the mail. Although Terrell would occasionally handle money from clients, Stevens testified that "she had no responsibility for our bills whatsoever." Three weeks after Terrell was hired, Stevens noticed approximately $2,000 missing from his operating account and over $30,000 missing from his client trust account. An investigation revealed that Terrell had used Stevens's account information to set up a Pay Pal account to make numerous online purchases, including an automobile, cell phones, thousands of dollars in gift cards, and pornographic materials. Stevens also testified that Terrell forged his signature on checks and cashed them. Stevens explained that in an effort to "cover her tracks," Terrell deleted client files from the office computers. Stevens

---

[1] This Court dismissed for want of jurisdiction Terrell's appeal of her misapplication of fiduciary property conviction. *See Terrell v. State*, No. 03-06-00251-CR (Tex. App.—Austin May 11, 2006, no pet.) (not designated for publication).

also described in detail the significant damages his law office sustained because of Terrell's actions.

Over objection by defense counsel, during the sentencing hearing the State also introduced evidence of an extraneous offense allegedly committed by Terrell in Coryell County involving credit card fraud. Millie McBride, Director of Human Resources at GC Services, a "diversified financial institution," testified that in February 2005—while Terrell's indictment for the offenses involving Stevens was pending—Terrell was hired as a customer service representative for the company. McBride explained that soon after Terrell was hired, a deceased customer's credit card account was reactivated and a request was made to increase the account's credit limit from $2,000 to $200,000. The court heard evidence that the account was used to make purchases worth thousands of dollars. An investigation determined that the employee who re-opened the account was Terrell, and that the deceased customer was Jesse Davis, the father of Galen Matt Davis ("Matt"). According to the testimony of Bell County investigator Wayne Corley, Matt was either Terrell's "boyfriend or fiancé." McBride and Corley testified that some of the checks that were issued from the account were issued in Matt's name. Corley explained the complicated scheme by which Terrell allegedly withdrew money from the account, credited money back into the account, and received late fee refund checks from the account that were mailed to and cashed by Matt. The court also heard evidence of Terrell re-opening and fraudulently using a second closed credit card account belonging to Matt's mother, Lynn Davis.

Steve O'Neal, an investigator with the Copperas Cove Police Department, was the arresting officer in the Coryell County offense involving the credit card accounts. O'Neal testified

3

that after Terrell was booked at the local jail, she waived her *Miranda* rights[2] and spoke with O'Neal about the crime. O'Neal testified that Terrell admitted to "opening credit card accounts that had been closed due to the cardholder being deceased" and to "showing overages fraudulently to receive the refund checks in the mail."

On cross-examination, O'Neal testified that he spoke with Matt during the investigation and that Matt "claimed to have no knowledge of" Terrell's illegal activity, although he acknowledged cashing the checks that were issued in his name. O'Neal explained that the extent of Matt's involvement in the offense was "still being looked at."

Terrell presented evidence suggesting that she committed the offenses as a result of Matt's influence. Terrell's best friend, Shadae Atkins, testified that Matt "is a very manipulative and controlling person" and that Terrell "was never the same" after she met Matt. Terrell's mother, Lora Terrell, testified that Matt is a computer hacker and that she believes that he probably participated in the crimes.

After both sides closed, the district court found Terrell guilty. The district court sentenced Terrell to seven years in the Texas Department of Criminal Justice, Institutional Division, for the offense of misapplication of fiduciary property and to two years in state jail for the offense of fraudulent use of identifying information. The sentences are to run concurrently. The district court also "ordered" Terrell to pay court costs, attorney's fees, and restitution as a condition of parole. This appeal followed.

---

[2] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

## DISCUSSION

**Extraneous offense evidence**

In her first issue, Terrell contends that the district court erred in admitting evidence of the extraneous offense involving the credit card accounts because the evidence was not relevant and was more prejudicial than probative. In her second issue, Terrell asserts that the district court should not have considered the extraneous offense evidence because the offense was not proven beyond a reasonable doubt. We review the district court's decision on the admissibility of evidence for abuse of discretion. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). We must uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).

The code of criminal procedure provides that, during sentencing:

> [E]vidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, *any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.*

Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West 2006) (emphasis added).

Terrell asserts that the extraneous offense evidence was not relevant to sentencing because she had already pleaded guilty to the charged offenses and, therefore, the extraneous offense

5

was not probative of "any issue before the trial court." Terrell also contends, without citing to any authority, that the extraneous offense was prejudicial because of the "reasonable and distinct possibility" that it "contributed to the punishment assessed." We find these arguments to be without merit.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tex. R. Evid. 401. During sentencing, Terrell requested community supervision as opposed to jail time. Evidence of Terrell's commission of an offense similar to the ones for which Terrell had pleaded guilty to and allegedly committed during the pendency of Terrell's indictment was clearly relevant to the issue of whether community supervision was appropriate. *See Ellison v. State*, No. PD-863-05, 2006 Tex. Crim. App. LEXIS 1689, at *4-*5 (Tex. Crim. App. Sept. 13, 2006) (stating that by amending article 37.07 to include evidence of "any matter the court deems relevant to sentencing," legislature has allowed consideration of "a wide range of evidence in determining whether to recommend probation").

Although relevant, evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Tex. R. Evid. 403. However, there was no jury in this case, and "the danger of unfair prejudice under rule 403 is greatly reduced when a judge is sitting as the trier of fact." *Ex parte Twine*, 111 S.W.3d 664, 668 (Tex. App.—Fort Worth 2003, pet. ref'd) (citing *Corley v. State*, 987 S.W.2d 615, 621 (Tex. App.—Austin

6

1999, no pet.)). Additionally, to violate Rule 403, it is not enough that the evidence be "prejudicial"—it must be *unfairly* prejudicial. *Vasquez v. State*, 67 S.W.3d 229, 240 (Tex. Crim. App. 2002). "All testimony and physical evidence will likely be prejudicial to one party or the other. It is only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value that Rule 403 is applicable." *Jones v. State*, 944 S.W.2d 642, 653 (Tex. Crim. App. 1996). Unfair prejudice occurs when the evidence has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id*. Terrell has provided this Court with no explanation of why she believes the extraneous offense evidence in this case was unfairly prejudicial, other than that it "contributed to the punishment assessed." That is not enough. We do not believe the admission of evidence pertaining to credit card fraud, an offense similar in nature to the offenses for which Terrell pleaded guilty to, has a tendency to "suggest decision on an improper basis." *Id*. We overrule Terrell's first issue.

In her second issue, Terrell contends that the extraneous offense evidence was not proven beyond a reasonable doubt. We disagree. The court of criminal appeals has held that article 37.07's proof beyond a reasonable doubt requirement "does not require the offering party to necessarily prove that the act was a criminal act or that the defendant committed a crime." *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005). Instead, it requires "the burden of proof to be applied to a defendant's involvement in the act itself, instead of the elements of a crime necessary for a finding of guilt." *Id*. In other words, before the trier of fact can consider the evidence in assessing punishment, "it must be satisfied beyond a reasonable doubt that the acts are *attributable*

7

to the defendant." *Id*. (emphasis added).

After reviewing the record, we conclude that the burden of proof was satisfied in this case. First, Officer O'Neal testified that Terrell admitted to the extraneous offense. Second, an investigation traced most of the account activity to Terrell's user ID. Third, O'Neal testified that during the investigation he obtained records of phone conversations between Terrell and her boyfriend in which Terrell asked her boyfriend if the fraudulent checks and credit cards had arrived in the mail yet. O'Neal also testified about another recorded phone conversation during which Terrell posed as another employee to change the password on the other employee's account so that she could have access to it and make fraudulent transactions under the other employee's user ID. We hold that this evidence is sufficient to prove beyond a reasonable doubt that the fraudulent use of the credit card accounts was attributable to Terrell. We overrule Terrell's second issue.

**Terms and conditions of parole**

In her third issue, Terrell argues that the district court erred in ordering her to pay court costs, attorney's fees, and restitution as a condition of parole.

The authority to place conditions on a defendant's parole is solely within the purview of the executive branch; here, the Board of Pardons and Paroles. *See* Tex. Gov't Code Ann. § 508.221 (West 2004); *McNeill v. State*, 991 S.W.2d 300, 302 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd, untimely filed). As a general rule, a trial court has no authority to order a condition of parole. *Bray v. State*, 179 S.W.3d 725, 728 (Tex. App.—Fort Worth 2005, no pet.). However,

8

a trial court does have the authority to order restitution as a condition of parole. *See* Tex. Code Crim. Proc. Ann. art. 42.037(h) (West Supp. 2005); *see also Campbell v. State*, 5 S.W.3d 693, 696 n.6 (Tex. Crim. App. 1999) ("Under present law, the Board of Pardons and Paroles is required by statute to impose as a condition of parole the amount of restitution that *the trial court orders*.") (emphasis added).

Here, the district court ordered Terrell to pay restitution as a condition of her parole, which the district court was statutorily authorized to do. *See* Tex. Code Crim. Proc. Ann. art. 42.037(h). But the district court also "ordered" Terrell to pay court costs and attorney's fees as a "condition" of her parole, and this the district court may not do. *See Bray*, 179 S.W.3d at 728. However, the district court may *recommend* that the Board of Pardons and Paroles order Terrell to pay the amount of court costs and attorney's fees that the district court has found, and this is likely what the district court intended to do. *See McNeill*, 991 S.W.2d at 302. Our appropriate remedy is to reform the judgment to reflect that the district court *orders* Terrell to pay restitution as a condition of parole, but *recommends* as a condition of her parole that the Board of Pardons and Paroles order Terrell to pay the amount of court costs and attorney's fees that the district court has established. *See Rushin v. State*, No. 03-06-00068-CR, 2006 Tex. App. LEXIS 6693, at \*10 (Tex. App.—Austin July 28, 2006, no pet.) (not designated for publication); *Vargas v. State*, 830 S.W.2d 656, 658 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). We sustain Terrell's third issue.

## CONCLUSION

Having overruled Terrell's first and second issues and sustained her third issue, we reform the judgment of the district court to reflect that, with the exception of restitution, the court

made "recommendations" concerning parole rather than imposing "conditions." As reformed, we affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Waldrop

Reformed and, as Reformed , Affirmed

Filed:   November 10, 2006

Do Not Publish