YARCLAY V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-217-CR

JESSE M. YARCLAY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jesse M. Yarclay appeals from his conviction for criminal mischief.  We reform the judgment to delete the payment of restitution imposed as a condition of parole and affirm as reformed.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of the motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 2) by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  In addition, this court informed appellant that he may file a pro se brief, but he has not done so.  

Once an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record and essentially to rebrief the case for appellant to see if there is any arguable ground that may be raised on appellant’s behalf.
(footnote: 3)  Because this case involves the trial court’s adjudication of appellant’s deferred adjudication community supervision, our independent review for potential error is limited to potential errors not affecting the decision to adjudicate and post-adjudication matters unrelated to appellant’s conviction.
(footnote: 4)
 Appellate counsel presents two potential grounds of error on appeal:  (1) the trial court abused its discretion by adjudicating appellant guilty of the charged offense; and (2) the trial court erred by ordering that appellant pay $2,990.00 restitution as a condition of parole.

In his first potential ground of error, appellate counsel states his belief that the trial court 
did not 
abuse its discretion by adjudicating appellant guilty of the charged offense.  Appellant pled true in open court and in writing to violating the conditions of his community supervision.  The trial court’s decision to proceed with an adjudication of guilt is one of absolute discretion and is not reviewable by this court.
(footnote: 5) 
 We therefore agree with appellate counsel that this first potential ground of error presents nothing for review. 

In his second potential ground of error, appellate counsel argues that the trial court erred by ordering that appellant pay restitution as a condition of parole.  The judgment in this case imposes “restitution in the amount of $2,990.00 to be paid as a condition of parole.”  H
owever, a “Texas trial court is without authority to place any condition on a convicted defendant’s parole.”
(footnote: 6)  
Therefore, the trial court erred by including this condition of parole in the judgment.  Accordingly, we reform the judgment to delete the language regarding the payment of restitution as a condition of parole.
(footnote: 7)
 Our independent review of the record reveals no other arguable grounds for relief.  There are no errors independent of the decision to adjudicate and no post-adjudication errors unrelated to appellant’s conviction.  The sentence assessed is within the punishment range for the adjudicated offense.
(footnote: 8)
 Because there is no remaining arguable ground that may be raised on appellant’s behalf in this appeal, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment as reformed. 

TERRIE LIVINGSTON

JUSTICE

PANEL F: LIVINGSTON, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 16, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
386 U.S. 738, 87 S. Ct. 1396 (1967).  

3:
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

4:
See Davis v. State
, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006); 
Bray v. State
, 179 S.W.3d 725, 727 (Tex. App.—Fort Worth 2005, no pet.).  

5:
See 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2006) (providing that when a defendant violates a condition of community supervision, he is entitled to a hearing limited to the determination by the trial court of whether it proceeds with an adjudication of guilt on the original charge, and no appeal may be taken from this determination); 
Williams v. State
, 592 S.W.2d 931, 932-33 (Tex. Crim. App. 1979).  The former version of article 42.12, section 5(b) is applicable here because the trial court held appellant’s adjudication hearing before June 15, 2007.  
See
 Act of May 28, 2007, 80
th Leg., R.S., S.B. 909 
(to be codified as an amendment to 
Tex. Code Crim. Proc. Ann
. art. 42.12, § 5(b))
.

6:
Bray v. State, 
179 S.W.3d 725, 728-29 (Tex. App.—Fort Worth 2005, no pet.); 
McNeill v. State
, 991 S.W.2d 300, 302 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d, untimely filed) (“The authority to place conditions on a defendant’s parole is solely within the purview of the Board of Pardons and Paroles.”); 
see also Campbell v. State,
 5 S.W.3d 693, 696-97 (Tex. Crim. App. 1999) (stating that trial court may fix amount of restitution that is just, and parole panel may use this amount in ordering restitution as a condition of parole). 

7:
See 
Tex. R. App. P.
 43.2(f);
 Bray
, 179 S.W.3d at 728-29 (declining to abate the appeal and remand cause to trial court for appointment of new counsel even though some relief—deletion of a condition of parole—was granted).

8:
See
 
Tex.  Penal Code Ann
. §§ 12.34, 28.03(b)(5) (Vernon 2003).