# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00671-CR

**Julian Rendon, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 57036, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Julian Rendon appeals his conviction for burglary of a habitation belonging to Charlotte Freeman Fuson for which the trial court assessed his punishment at twelve years' imprisonment. In four points of error, appellant argues that the trial court "reversibly erred" by: (1) issuing a formal written judgment and sentence "ordering" certain conditions to be imposed as parole conditions after orally "recommending" those conditions in open court; (2) ordering payment of attorneys' fees before determining appellant's ability to pay them; (3) ordering payment of attorneys' fees in an undetermined amount; and (4) ordering appellant to pay restitution but omitting the victim's mailing address. We will modify the judgment of conviction and affirm it as modified.

On December 22, 2004, appellant, represented by court-appointed counsel, entered a guilty plea to the burglary indictment in a bench trial. The trial court determined that there was sufficient evidence to support a finding of guilty but deferred adjudication of guilt as a result

of a plea bargain. Appellant was placed on community supervision for ten years subject to certain conditions.

Subsequently, the State moved to adjudicate guilt alleging fifteen violations of conditions including the commission of several criminal offenses, the use of alcohol and cocaine, and failure to complete the program at the Substance Abuse Felony Punishment Facility (SAFPF). At the adjudication hearing, appellant, represented by appointed counsel, pleaded true to the alleged violations. The trial court adjudicated appellant guilty of burglary and assessed his punishment at twelve years' imprisonment.

## POINTS OF ERROR

Appellant's four points of error complain that the trial court "reversibly erred" by issuing a formal written judgment and sentence "ordering" certain conditions to be imposed as parole conditions, if and when appellant is ever released on parole:

ISSUE NUMBER ONE: Did the trial court commit reversible error in the written judgment of this case wherein the trial court "ordered" Appellant to pay court costs, attorneys' fees, fines, and restitution as a condition of parole after orally pronouncing that the trial court "recommended" that Appellant pay court costs, attorneys' fees, fines, and restitution as a condition of parole during the pronouncement of sentence in open court? . . . .

ISSUE NUMBER TWO: Did the trial court commit reversible error in ordering Appellant to pay attorneys' fees without first determining whether Appellant had the financial resources to enable him to pay that cost? . . . .

2

ISSUE NUMBER THREE:  Did the trial court commit reversible error in ordering Appellant, as part of the written judgment in this cause, to pay attorneys' fees in an amount "to be determined"? . . . .

ISSUE NUMBER FOUR:  Did the trial court commit reversible error when it failed to include the victim's mailing address in the judgment ordering Appellant to pay restitution? . . . .

On September 21, 2006, at the adjudication hearing, the trial court orally pronounced sentence in open court in the presence of appellant and his counsel.  Further, the trial court orally added:

Let me change my wording to be, I recommend that you pay all court costs, attorney's fees and the balance of your restitution which was set forth in PSI [presentence investigation report].  Your restitution is apparently $7,785 and that you pay that or the balance of it as a condition of your parole.

I further recommend that you receive treatment in the in-patient therapeutic program in TDC . . . . and you know the parole is up to the parole authorities.  It's not up to this Court and so that would be up to them.

On September 28, 2006, the formal judgment and sentence was entered assessing the twelve years' imprisonment and no fine for the burglary of a habitation offense.  The formal judgment concluded with the following:

Furthermore, the following special findings or orders apply:

PAROLE CONDITION: DEFENDANT *ORDERED* BY COURT TO PAY COURT COSTS, ATTORNEY FEES, FINES, AND RESTITUTION AS A CONDITION OF PAROLE.

(Emphasis added.)

3

The authority to place conditions on a defendant's parole is solely within the purview of the executive branch of the State government, here, the Board of Pardons and Parole. *See* Tex. Gov't Code Ann. § 508.221 (West 2004); *McNeill v. State*, 991 S.W.2d 300, 302 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd, untimely filed); *see also Aguilar v. State*, No. 03-06-00497-CR, 2007 Tex. App. LEXIS 1373, at *3 (Tex. App.—Austin Feb. 23, 2007, no pet.); *Samuel v. State*, No. 03-06-00345-CR, 2006 Tex. App. LEXIS 10323, at *1 (Tex. App.—Austin Dec. 1, 2006, no pet.) (mem. op., not designated for publication); *Rushin v. State*, No. 03-06-0068-CR, 2006 Tex. App. LEXIS 6693, at *9 (Tex. App.—Austin July 28, 2006, pet. ref'd) (mem. op., not designated for publication). As a general rule, a trial court has no authority to order a condition of parole. *Aguilar*, 2007 Tex. App. LEXIS 1373, at *3; *Bray v. State*, 179 S.W.3d 725, 728 (Tex. App.—Fort Worth 2005, no pet.). There is an exception to this rule. A trial court does have the authority to order restitution as a condition of parole. *See* Tex. Code Crim. Proc. Ann. art. 42.037(h) (West 2006); *Campbell v. State*, 5 S.W.3d 693, 696 & n.6 (Tex. Crim. App. 1999).

It is clear that the trial court erred in purporting to impose a "condition" of parole in the court's written judgment with regard to court costs, attorney's fees, and fines. While it appears restitution may be an exception, the exception has no application here. A defendant's sentence must be pronounced orally in his presence. Tex. Code Crim. Proc. Ann. art. 42.03, § 1(a) (West 2006); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004) (citing *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002)). The formal judgment and sentence are just the written declaration and embodiment of that oral pronouncement. *See* Tex. Code Crim. Proc. Ann. art. 42.01, § 1 (West 2006); *Taylor*, 131 S.W.3d at 500 (citing *Madding*, 70 S.W.3d at 135). When there is a

conflict between the oral pronouncement of the sentence and the sentence in the written judgment, the oral pronouncement controls. *Taylor*, 131 S.W.3d at 500 (citing *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); *Madding*, 70 S.W.3d at 135; *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998)).

As noted, the trial court orally *recommended* restitution as a condition of parole but in the written judgment *ordered* restitution as a parole condition. In view of the conflict, the oral recommendation will prevail over the written "order" with regard to any parole condition as to restitution.

In its brief, the State asserts:

> In this case, the Adjudication of Guilt and Sentence should be reformed to show that the trial court *recommends* the payment of court cost[s], attorney's fees and restitution as a term and condition of parole, just as it did in open court.

There is no prohibition against a trial court making a recommendation for restitution in its judgment. *McNeil*, 991 S.W.2d at 302.

The Board of Pardons and Paroles or parole panel may impose as conditions of parole any term or condition that a trial court may place upon a defendant being granted community supervision under article 42.12 of the code of criminal procedure. *See* Tex. Gov't Code Ann. § 508.221; 43 George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* § 38.195 (2d ed. 2001). Thus, a parole panel may, within its discretion, consider any recommendation of a district court as to possible parole conditions matching conditions of community supervision.

5

Under the circumstances presented here, the appropriate remedy is to modify the written judgment of conviction concerning the parole "condition" to omit the words "special findings or orders," "ordered," and "fines,"[1] and to reflect that the trial court "recommends" to the Board of Pardons and Paroles for its consideration the balance of the statement in the judgment as possible parole conditions. *See generally, Bray*, 179 S.W.3d at 728-29. This modification is in accordance with the trial court's oral remarks at the time of the sentence.

Although we do not conclude that reversible error was presented in any of the questions that appellant posed, our modification of the written judgment of conviction should answer all of his points of error.

In his first point of error, appellant argues that the trial court erred in "ordering" a parole "condition" relating to court costs, attorney's fees, fines and restitution as discussed above, but our modification prevents any consideration of reversible error.

With regard to appellant's second and third points of error concerning the trial court's ordering appellant to pay attorney's fees before determining his ability to pay the fees and ordering payment of the fees in an undetermined amount, we note that a trial court cannot order the payment of attorney's fees as a condition of parole. *Vargas v. State*, 830 S.W.2d 656, 658-59 (Tex. App.—Houston [lst Dist.] 1992, pet ref'd). We do not conclude that any *recommendation* by the district court to the Board of Pardons and Paroles or parole panel concerning attorney's fees as a possible parole condition required the court to first ascertain appellant's financial ability to pay the fees. Article 26.05(g) of the code of criminal procedure relied upon by appellant is inapplicable to

---

[1] No fine was ever assessed in this cause. The payment of a fine cannot be a condition of community supervision or parole unless a fine is assessed. *See* Tex. Code Crim. Proc. art. 42.12, § 11(a)(8) (West 2006).

parole condition recommendations. *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2006). Further, while it would be better practice for the trial court to make a determination of attorney's fees and have the amount reflected in the judgment, it is not a condition precedent to a recommendation for a parole condition.

Lastly, in his fourth point of error, appellant complains that the trial court committed reversible error by omitting from the judgment the mailing address of the complainant (victim) regarding any payment of restitution as required by article 42.01, section 1, subsection 25 of the code of criminal procedure.[2] The initial summary in the judgment form used here identifies "Total amount of Restitution" as "$7,785.00" and the "Name and Address For Restitution" as "Charlotte Fuson" without her address or any agency's address. Appellant notes that the record does not contain any determination that it was not in the best interest of the complainant to include her address. The crux of appellant's argument; however, is not a failure to comply with the requisites of a judgment form, but that if and when the Board of Pardons and Paroles releases him on parole, he will not know where to send his restitution payments if restitution is a parole condition. Appellant need not be concerned. If restitution becomes a condition of his parole, the payment will

---

[2] Subsection 25 provides:

25. In the event that the court orders restitution to be paid to the victim, a statement of the amount of restitution ordered and:

(A) the name of the victim and the permanent mailing address of the victim at the time of the judgment; or

(B) if the court determines that the inclusion of the victim's name and address in the judgment is not in the best interest of the victim, the name and address of a person or agency that will accept and forward restitution payments to the victim[.]

Tex. Code Crim. Proc. Ann. art. 42.01, § 1(25) (West 2006).

be collected from him and deposited into the Releasee Restitution Fund and payment will be transmitted to the victim as soon as practicable. *See* Tex. Gov't Code Ann. § 508.322 (West 2004). Appellant's fourth point of error is without merit and is overruled.

We modify the portion of the trial court's judgment that currently states:

Furthermore, the following special findings or orders apply:

PAROLE CONDITION: DEFENDANT ORDERED BY COURT TO PAY COURT COSTS, ATTORNEY FEES, FINES, AND RESTITUTION AS A CONDITION OF PAROLE.

The judgment will now state as follows:

Furthermore, the following provision applies:

PAROLE CONDITIONS: THE COURT RECOMMENDS THAT THE DEFENDANT PAY COURT COSTS, ATTORNEY FEES, AND RESTITUTION AS CONDITIONS OF PAROLE.

As modified, the trial court's judgment of conviction is affirmed.

_____

_____ W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Puryear and Henson

Modified and, as Modified, Affirmed

Filed:  August 31, 2007

Do Not Publish