# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-09-00071-CV

**In re Billy Wayne Lewis**

### ORIGINAL PROCEEDING FROM BELL COUNTY

### M E M O R A N D U M   O P I N I O N

By petition for writ of mandamus, Billy Wayne Lewis requests that this Court order the trial court to withdraw its sentencing order and resentence him. He contends that the trial court erred by allowing the prosecutor to present closing argument about how long he would actually serve before being eligible for parole, by stacking his sentences, and by assessing payment of court costs, attorneys' fees, and a lab fee as conditions of release on parole. While we find that the trial court improperly conditioned release on parole, we deny Lewis's request for a writ of mandamus to require the trial court to enter a judgment nunc pro tunc.

To obtain mandamus relief in a criminal matter, the relator must establish that the act sought to be compelled is ministerial rather than discretionary in nature and that there is no other adequate remedy at law. *Dickens v. Second Court of Appeals*, 727 S.W.2d 542, 548 (Tex. Crim. App. 1987). Although a trial court may recommend conditions on the granting of parole to a prisoner, it cannot place conditions on that decision—such as the payment of attorneys' fees—because that breaches the separation of powers between the judicial branch (the court) and the executive branch (the Texas Board of Pardons and Paroles). *Vargas v. State*, 830 S.W.2d

656, 658-59 (Tex. App.—Houston [1st Dist.] 1992, writ ref'd). A nunc pro tunc order is available to correct clerical errors such as a failure to award jail-time credit in accordance with a mandatory statutory duty. *Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004). A trial court's failure to issue a nunc pro tunc order to correct a wrongly executed ministerial duty is correctable by writ of mandamus. *Id*. at 149; *see also In re Gomez*, 268 S.W.3d 262, 264-65 (Tex. App.—Austin 2008, orig. proceeding); *Castor v. State*, 205 S.W.3d 666, 667 (Tex. App.—Waco 2006, no pet.) (denial of motion for judgment nunc pro tunc is not appealable order).

Lewis's complaint regarding the prosecutor's argument is not properly before us in this mandamus proceeding. Lewis had the opportunity to object to the argument at trial to preserve the error. *See* Tex. R. App. P. 33.1. He did not. He had the opportunity to raise the issue on direct appeal. He did not. *Lewis v. State*, No. 03-01-00512-CR, 2002 Tex. App. LEXIS 5393 (Tex. App.—Austin July 26, 2002, pet. ref'd) (mem. op., not designated for publication). Any error in allowing a particular jury argument is not the sort of error that can be ministerially corrected by a nunc pro tunc judgment. We deny Lewis's request for mandamus relief on this ground.

While it is conceivable that an erroneous stacking of sentences could be corrected by a nunc pro tunc judgment, Lewis does not demonstrate the requisite violation of a ministerial duty in this case. Lewis contends that the trial court erred by ordering consecutive sentences for offenses occurring in the same criminal episode for which punishment was assessed in the same proceeding. He cites cases and authorities for the proposition that, when multiple offenses arising out of the same criminal episode are tried jointly at any phase, sentences for those offenses must run

2

concurrently. *See Martin v. State*, 143 S.W.3d 412, 414 (Tex. App.—Austin 2004, no pet.); *see also* Tex. Penal Code Ann. § 3.01 (West 2003), § 3.03 (West Supp. 2008). On August 30, 2001, Lewis was sentenced based on his convictions in Cause Numbers 50,850 and 51,859. According to the reporter's records Lewis provides, court recessed after the sentencing in Cause Number 50,850 at 3:46 p.m. and was called to order in Cause Number 51,859 at 3:48 p.m. Lewis's argument fails on a crucial distinction: the sentence pronounced in Cause Number 50,850 that day was based on a probation revocation, not a conviction. The offense for which Lewis was sentenced in Cause Number 50,850 occurred some time before November 2000 when he was placed on probation, months before the January 12, 2001 offense for which he was sentenced in Cause Number 51,859. Although Lewis's probation was revoked based in part on the conduct underlying the conviction in Cause Number 51,859, the court also revoked it based on findings that Lewis failed drug tests, repeatedly failed to report to his probation officer, and repeatedly failed to make required payments. The fact that the offense in Cause Number 51,859 was one of several grounds for the revocation of his probation in Cause Number 50,850 does not meld the two offenses, separated by months, into a single criminal episode. The sentence imposed on August 30, 2001, in Cause Number 50,850 was punishment for the pre-November 2000 offense, not for any of the conduct that led to the revocation of his probation. We deny Lewis's request for relief on this ground.

Lewis also contends that the trial court abused its discretion by refusing to strike its placement of conditions on a potential future grant of parole. Lewis argues that the executive branch alone has the authority to place conditions on parole and that, as a general rule, a trial court cannot order a parole condition. *See* Tex. Gov't Code Ann. § 508.221 (West 2004); *Ceballos*

3

*v. State*, 246 S.W.3d 369, 373 (Tex. App.—Austin 2008, pet. ref'd); *Bray v. State*, 179 S.W.3d 725, 728 (Tex. App.—Fort Worth 2005, no pet.); *McNeill v. State*, 991 S.W.2d 300, 302 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd, untimely filed). A trial court does have the authority to recommend parole conditions for the Board to consider. *See McNeill*, 991 S.W.2d at 302. The trial court in Cause Number 51,859 assessed sentence as "life in prison with the maximum fine, court costs, fees, restitution, all as a condition of parole." These conditions are inconsistent with the trial court's powers.

The question remaining is whether the conditions placed on parole are correctable by entering a nunc pro tunc judgment. The cases cited above holding that the trial court had no power to place conditions on parole were all direct appeals. *See Ceballos*, 246 S.W.3d at 373; *Bray*, 179 S.W.3d at 728; *McNeill*, 991 S.W.2d at 302. The trial court in this case declined to address Lewis's complaints by judgment nunc pro tunc in October 2007, stating that it had no jurisdiction to do anything with regard to Lewis's cases "unless the appellate courts direct me to take some action." Because the trial court has discretion to order the payment of court costs, fees, and restitution, these items are different from the jail-time credit that the trial court is required to allow and, implicitly, required to calculate correctly. By contrast, the court could *recommend* payment of costs, fees, and restitution as a condition of parole, could assess them as part of the sentence,[1] or could choose not to assess them at all. This level of discretion takes these items out of the

---

[1] *See* Tex. Code Crim. Proc. Ann. art. 26.05 (West 2009) (attorneys' fees), art. 42.037 (West 2006) (restitution), arts. 42.15, .16 (West 2006) (fines). A trial court can also order a defendant to pay lab fees, but only as a condition of community supervision. *Id*. art. 42.12, § 11(a)(19) (West Supp. 2008). *But see id*. art. 42.0371 (West 2006) (mandatory restitution for kidnapped or abducted children).

ministerial realm of substituting the proper calculation of mandatory jail-time credit and, thus, out of the realm of a nunc pro tunc judgment. If, when Lewis is parole eligible, he can prove that he is being improperly denied parole because he has not paid these items, he may have a claim for relief through a habeas corpus proceeding. *Ex parte Deeringer*, 210 S.W.3d 616, 617-18 & n.7 (Tex. Crim. App. 2006).

Lewis's petition for writ of mandamus is denied.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Puryear and Waldrop

Filed: April 24, 2009