# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00578-CR

**Samuel Ceballos, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT NO. 59458, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## O P I N I O N

On May 4, 2006, Samuel Ceballos pleaded guilty to evading arrest using a motor vehicle, enhanced to a third-degree felony by Ceballos's previous conviction for evading arrest. *See* Tex. Penal Code Ann. § 38.04(b)(2)(A) (West Supp. 2007). Ceballos pleaded true to the enhancement allegations, and he was sentenced to ten years' imprisonment and ordered to pay all court costs, court-appointed attorney's fees, and restitution as conditions of his parole. Ceballos argues on appeal that the trial court erred in assessing his sentence, which he argues should have come within the range for a state jail felony rather than a third-degree felony, because the date of his prior conviction preceded the legislature's amendment of the statute creating the third-degree felony offense. He also seeks modification of the judgment on the basis that the trial court did not

have the authority to order parole conditions. We will modify the judgment and affirm the judgment as modified.

**BACKGROUND**

On April 3, 2006, Temple police arrested Ceballos for evading arrest or detention in a motor vehicle. *See* Tex. Penal Code Ann. § 38.04(b)(2)(A) (West Supp. 2007). He was charged by information with the enhanced third-degree felony offense of evading arrest, having previously been convicted of misdemeanor evading arrest on August 17, 2001. After waiving indictment and a jury trial, Ceballos pleaded guilty, admitting to both the offense charged and the prior evading-arrest conviction.

In the intervening time between Ceballos's previous conviction for evading arrest and the enhanced felony conviction that is the subject of this appeal, the statute governing punishment for the enhanced felony offense was amended by the legislature. Prior to that amendment, the offense of evading arrest with a motor vehicle enhanced by a prior conviction was characterized as a state jail felony. Act of June 17, 2001, 77th Leg., R.S., ch. 1480, § 1, 2001 Tex. Gen. Laws 5265 (amended 2001) (current version at Tex. Penal Code Ann. § 38.04(b)(2)(A) (West Supp. 2007)). The statute as amended defines the same offense as a third-degree felony. Tex. Penal Code Ann. § 38.04(b)(2)(A) (West Supp. 2007). The amendment became effective on September 1, 2001.

In his first issue on appeal, Ceballos argues that his punishment in this case should be governed by the pre-amendment law. He contends that his conviction should be reversed as to punishment and remanded to the trial court for punishment as a state jail felony. In his second issue,

2

Ceballos argues that the trial court exceeded its authority by placing impermissible conditions on his parole and seeks reform of the judgment entered.

## DISCUSSION

**Punishment**

We first address Ceballos's arguments concerning the assessment of punishment as a third-degree felony. His assertion that he should be punished under the pre-amendment version of section 38.04 is a matter of statutory construction, which is a legal question that we review de novo. *See Texas Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004).

Prior to its amendment, the penal code provided that evading arrest was a state jail felony if the actor had been previously convicted under this section. Tex. Penal Code Ann. § 38.04(b)(2) (West 2000) (amended 2001). The current version of section 38.04 states, in pertinent part,

> (b)  An offense under this section is a Class B misdemeanor,
> except that the offense is:
>
> . . .
>
> (2)  a felony of the third degree if:
>
> (A)  the actor uses a vehicle while the actor is in  flight and
> the actor has been previously convicted *under this section*.

Tex. Penal Code Ann. § 38.04(b)(2)(A) (West Supp. 2007) (emphasis added).

Ceballos maintains that the words "under this section" require that his prior evading arrest conviction must have come under section 38.04 *as amended* in order for the third-degree

felony enhancement provision to apply. In support of his reading, he cites the historical and statutory note to the amended statute, which provides that an offense is committed before the effective date of the statute "if any element of the offense occurs before the effective date." *See* Tex. Penal Code Ann. § 38.04 historical note (West Supp. 2007) [Act of June 17, 2001, 77th Leg., R.S., ch. 1480, § 2, 2001 Tex. Gen. Laws 5265, 5265]. He argues that, because the prior conviction is an element of the enhanced crime, the date of his prior conviction is an additional element that must be proved by the State in order to sustain his conviction in this case. Therefore, since his previous conviction occurred prior to the effective date of the amended statute, Ceballos argues that he has not been previously convicted "under this section" and must be punished only for a state jail felony.

Ceballos acknowledges that the court of criminal appeals, having heard a similar argument in reference to the offense of unlawful possession of a firearm by a felon in *Mason v. State*, 980 S.W.2d 635 (Tex. Crim. App. 1998), declined to hold that the date of the prior offense was an element of the enhanced crime. He also notes that the Waco Court of Appeals, when faced with this same issue under section 38.04, adopted the reasoning of *Mason* in interpreting the enhancement provision of the evading-arrest statute. *See Powell v. State*, 151 S.W.3d 646, 654 (Tex. App.—Waco 2004), *rev'd on other grounds*, 189 S.W.3d 285 (Tex. Crim. App. 2006).

Nonetheless, Ceballos urges us to distinguish *Mason* and ignore *Powell*, arguing that the language of section 38.04 requires that he must have been previously convicted "under this section" if the offense is to rise to the level of a third-degree felony. *See* Tex. Penal Code Ann. § 38.04(b)(2)(A) (West Supp. 2007). Because we agree with the court of criminal appeals's reasoning in *Mason* and believe that it is equally applicable to this case, we reject Ceballos's

4

contention that the date of his prior conviction is an element of the enhanced offense of evading arrest.

In *Mason*, the defendant argued that he could not be prosecuted for the offense of unlawful possession of a firearm by a felon because the date of his prior felony conviction was an element of the offense that occurred before the statute's effective date. *Mason*, 980 S.W.2d at 641. The court of criminal appeals rejected Mason's argument and ruled that he was subject to prosecution under the existing version of the statute, reasoning that not every issue to which the State has the burden of proof is an "element of an offense." *Id*. The court went on to state that only Mason's status as a felon, and not the date on which his prior felony conviction occurred, could be viewed as an element of the crime. *Id*. at 640. To hold otherwise "would result in the absurd consequence of omitting all felons who committed their prior felonies before [the effective date of the amendment]." *Id*.

Likewise, as the State correctly points out, it is Ceballos's status as one who has been previously convicted of evading arrest, and not the date of that previous conviction, which is relevant for enhancement purposes. Ceballos has suggested no rational reason that we should distinguish between offenders whose prior evading-arrest convictions occurred before September 1, 2001, and those whose convictions came down afterward. Based on the reasoning of *Mason* and the plain language of section 38.04, we hold that Ceballos was properly sentenced within the range for a third-degree felony.

In adopting this interpretation of section 38.04, we join the other two courts of appeals who have addressed this issue with respect to the evading-arrest statute. *See Powell*,

5

151 S.W.3d at 654; *Thomas v. State*, No. 07-03-0198-CR, 2005 Tex. App. LEXIS 3929, at *4-5 (Tex. App.—Amarillo May 18, 2005, no pet.) (mem. op., not designated for publication) (distinguishing between "elements" of offense set out in § 38.04(a) and grade of offense prescribed by § 38.04(b)).[1] Ceballos cites to no authority, nor could we find any, where a court has interpreted the date of the previous conviction to be an element of the enhanced offense under section 38.04. We overrule Ceballos's first point of error.

**Parole Conditions**

We now address Ceballos's second point of error concerning the trial court's imposition of parole conditions. In addition to imposing a ten-year prison sentence, the written judgment contains a provision which reads, "PAROLE CONDITION: DEFENDANT ORDERED BY COURT TO PAY COURT COSTS, ATTORNEY FEES, FINES, AND RESTITUTION AS A CONDITION OF PAROLE."

Ceballos argues that the trial court erred by ordering him to pay court costs, attorney's fees, and restitution because trial courts lack the authority to place conditions on a convicted defendant's parole. He also argues that restitution is not appropriate in this case, presumably because there is no alleged victim to whom restitution should be paid. The State concedes that the authority

---

[1] *See also Cannady v. State*, 11 S.W.3d 205, 208 (Tex. Crim. App. 2000) (addressing same argument with respect to penal code section 19.03 and holding defendant's status of serving a life sentence at time of present offense, and not date on which he committed crime for which he was serving life sentence, is element of statute); *Manning v. State*, 112 S.W.3d 740, 743-44 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (addressing same argument and holding same with regard to enhancement provision in penal code section 22.01).

to place conditions on parole is solely within the purview of the Board of Pardons and Paroles but does not address Ceballos's contention that he should not pay restitution.

We agree that the executive branch alone has the authority to place conditions on parole and that, as a general rule, a trial court cannot order a parole condition. *See* Tex. Gov't Code Ann. § 508.221 (West 2004); *see also Bray v. State*, 179 S.W.3d 725, 729 (Tex. App.—Fort Worth 2005, no pet.). However, as the parties acknowledge, a trial court does have the authority to recommend parole conditions for the Board to consider. *See McNeill*, 991 S.W.2d 300, 302 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd, untimely filed). Accordingly, we strike the language conditioning parole upon the payment of court costs, fines, and attorney's fees and modify the judgment to reflect that the trial court recommends that the Board of Pardons and Parole order Ceballos to pay court costs, fines, and attorney's fees. *See Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, writ ref'd).

With regard to restitution, the Texas Code of Criminal Procedure authorizes the sentencing court to order payment of restitution to any victim of the offense. Tex. Code Crim. Proc. Ann. art. 42.037(a) (West 2006). However, restitution can be ordered only for an injury resulting from the offense charged and can be made only to the victim, except where justice dictates payment be made to a person or party who has compensated the victim for the loss. *Gonzalez v. State*, 954 S.W.2d 98, 106 (Tex. App.—San Antonio 1997, no pet.). Furthermore, due process requires a factual basis in the record for the amount of restitution ordered. *Martin v. State*, 874 S.W.2d 674, 676 (Tex. Crim. App. 1994). There must be sufficient evidence in the record to support the order of restitution. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980).

In this case, there is no evidence in the record to support the order of restitution or to indicate that there was any victim to whom restitution should be made under the definition of "victim" in article 56.32 of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 56.32(a)(11) (West Supp. 2007) ("victim" means individual who suffers personal injury or death as result of criminally injurious conduct). We therefore reform the trial court's judgment to delete those portions awarding restitution. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992).

**CONCLUSION**

Having sustained in part Ceballos's point of error regarding parole conditions and having overruled his point of error contesting punishment, we modify the judgment to strike mention of restitution and to read as follows: "The court recommends that as a condition of parole the defendant pay court costs, fines, and attorney's fees."

As modified, we affirm the judgment of the trial court.

_____

Diane Henson, Justice

Before Chief Justice Law, Justices Puryear and Henson

Modified and, as Modified, Affirmed

Filed:   February 7, 2008

Publish

8