# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00161-CR

**Adrian Hernandez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. D-1-DC-06-300035, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Adrian Hernandez appeals from a district court judgment imposing a sentence of ten years' imprisonment on a conviction for burglary of a habitation with intent to commit sexual assault. *See* Tex. Penal Code Ann. § 30.02 (West 2003). In two points of error, Hernandez contends that the district court erred in "not enforcing" or deleting portions of a previous judgment that he characterizes as having suspended his ten-year sentence and imposed "ten years' community supervision with the State boot camp program and shock probation." Finding no error, we will affirm the district court's judgment.

## BACKGROUND

On December 6, 2006, Hernandez entered a non-negotiated plea of guilty to the offense of burglary of a habitation with intent to commit sexual assault, a first-degree felony.

*See id.*[1]  After hearing evidence—which included the victim's testimony that Hernandez, her neighbor, had entered her home through a window at night and committed violent and lewd acts in the presence of her three year-old child—the district court found Hernandez guilty, imposed a ten-year sentence in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), but added:

> However, the Court further orders that the initial 90 days shall be served in the special youthful offenders program known as the State Boot Camp.  Upon completion of that program this Court will recommend to its successor that the defendant be sent to the Substance Abuse Felony Punishment Facility [SAFPF] for treatment and upon successful completion of that program that the sentence be suspended and the defendant be placed on community supervision in Amarillo.

Two matters to which the district court alluded in its order are important to note.  First, the court's reference to "its successor" contemplated the fact that the judge then presiding over the district court, the Hon. John Wisser, would be retiring upon the expiration of his term at the end of the month, and would be replaced by the Hon. Charles Baird.  The second matter relates to the "State Boot Camp."

The code of criminal procedure provides that trial courts "may recommend a person for placement in the state boot camp program" if the person is otherwise eligible for community supervision, is between 17-25 years of age, "is physically and mentally capable of participating in a program that requires strenuous physical activity," and is not convicted of an offense punishable as a state jail felony.  Tex. Code Crim. Proc. Ann. art. 42.12 § 8(a) (West Supp. 2007).  In cases

---

[1]  The record reflects that the State had offered Hernandez a thirty-year sentence recommendation.

2

where a trial court has recommended for boot camp placement a person convicted of a felony and imposed a sentence requiring imprisonment in the TDCJ-CID, such as Hernandez's, the court's jurisdiction is extended until 180 days after the day the convicted person is received into custody by the division. *Id*. During this period, and after the expiration of 75 days after the day the convicted person is received into TDCJ-CID's custody, "the judge of the court that imposed the sentence may suspend further execution of the sentence imposed and place the person on community supervision under the terms and conditions of this article, if in the opinion of the judge the person would not benefit from further imprisonment." *Id*.

Judge Wisser's statements thus contemplate that (1) Hernandez would serve 90 days in the boot camp program, (2) his successor, Judge Baird would have discretion to "suspend further execution of the sentence imposed and place the person on community supervision . . . if in the opinion of the judge the person would not benefit from further imprisonment," and (3) Judge Wisser would recommend to Judge Baird that he do so and impose, as a condition of Hernandez's community supervision, that Hernandez first undergo treatment at the Substance Abuse Felony Punishment Facility. Judge Wisser observed that "[o]f course, I guess I can't guarantee that my successor will follow my recommendations but I think that this sentence will meet the concerns of both." He added that if his recommendations were followed, they would result in "an additional year of incarceration" between boot camp and the SAFPF.

On January 9, 2007, the TDCJ-CID informed the district court (Judge Baird now presiding) by letter that, due to the "sexual nature of the offense committed," Hernandez was "ineligible" for the Special Alternative to Incarceration Program (SAIP) (the formal term for state

3

boot camp). Instead, TDCJ-CID had placed Hernandez in another unit to begin serving his sentence. Hernandez was bench-warranted and, on February 23, the district court held a hearing "to . . . figure out where to go from here." At the hearing, defense counsel argued that TDCJ-CID had no "legal right" to refuse to accept Hernandez into the program and asked the district court "to enforce Judge Wisser's sentence." Counsel urged,

> This opportunity has been taken away from [Hernandez] through no fault of his own, he's done everything that's been asked of him, and in my opinion it would be like a jury assessing probation in a case and then the probation department saying no, this person does not meet our qualifications and therefore we should send him to prison.

However, the district court did not believe it had the authority to order TDCJ-CID to accept Hernandez into the boot camp program:

> [I]t's my understanding under the Separation of Powers Doctrine that when I put him in TDCJ then it slides to the executive branch, and they have the controlling authority on what they want to do with him in a number of ways. . . . I also think that they have the right under that power, the executive branch power, the authority to establish boot camp programs that they think are best, for lack of a better word, and decide who fits in those programs and to set up those policies and those regulations and those guidelines covering those programs. . . . I'm not going to order TDCJ to in fact put him in the boot camp program.

The district court then provided Hernandez with the following options:

> Now, where we go from here is you can keep the ten years that Judge Wisser gave you, you can withdraw your plea, because I think that we've had this mix up and if you want to withdraw your plea, that's fine. If you withdraw your plea, that means that you could try your case to a jury, plead not guilty and try your case to a jury, or you could plead guilty and go to a jury for punishment, or you could plead guilty and go to me for punishment.

Hernandez responded, "Your Honor, I wish to stand by my plea. I made a mistake. I'm not going to withdraw being guilty because I made a mistake." However, Hernandez added that he did not "wish to be incarcerated any longer" and wanted to maintain the terms of Judge Wisser's original sentence.

After hearing further argument from counsel, the district court informed Hernandez,

> From where we are right now we're at an impasse. I can't do anything to alter this sentence without your request. In other words, if you filed a motion to withdraw your plea, I would grant that because I know that you had some type of understanding with Judge Wisser, but short of that, I can't do anything, so what I'm going to do today is go ahead and sentence you to ten years in prison. Okay?

The district court added, "[B]ut I'm going to remove from that sentence because I cannot comply with it within the dictates of the Texas Department of Criminal Justice Institutional Division the possibilities of 90 days in a State boot camp followed by the successful completion of the SAFPF program."

Subsequently, the district court entered an amended judgment of conviction, maintaining the ten-year sentence but removing the reference to state boot camp and SAFPF. This appeal followed.

## ANALYSIS

In his first point of error, Hernandez asserts that the district court erred by "not enforcing" its previous judgment contemplating state boot camp followed by community supervision. Our resolution of this issue turns on construction of statutory

5

provisions, a question of law we review de novo. *See Williams v. State*, ___ S.W.3d. ____, 2008 Tex. Crim. App. LEXIS 639, at *10 (Tex. Crim. App. 2008); *Ceballos v. State*, 246 S.W.3d 369, 371 (Tex. App.—Austin 2008, pet. ref'd).

As the code of criminal procedure plainly states, "A court may *recommend* a person for placement in the state boot camp program" if the person meets certain conditions. Tex. Code Crim. Proc. Ann. art. 42.12, § 8(a) (emphasis added). The legislature has delegated to the executive branch—specifically, TDCJ-CID—authority to determine who participates in the program: "The institutional division shall establish a program to confine persons who are required to serve not more than 180 days in the institutional division as a condition of a sentence imposed under Section 8, Article 42.12, Code of Criminal Procedure. *The institutional division may limit the number of persons participating in the program*." Tex. Gov't Code Ann. § 499.052(a) (West 2005) (emphasis added). The legislature has further provided:

> The institutional division shall adopt rules of conduct for persons participating in the program under this section. If the institutional division determines that a person is not complying with the rules or is medically or psychologically unsuitable for the program, the division shall end the person's participation in the program and request the sentencing court to reassume custody of the person.

*Id*. § 499.052(d). Finally, the legislature has expressly provided that a trial court's "recommendation that a person be placed in the state boot camp program . . . does not give the court the power to hold the Texas Department of Criminal Justice or any officer or employee of the department in contempt of court for failure to adhere to that recommendation." Tex. Code Crim. Proc. Ann. art. 42.12, § 8(c).

Hernandez argues that TDCJ-CID had no statutory authority to refuse him admission into the boot camp program on the basis of the "sexual nature of the offense committed" because there is no explicit mention of such offenses among those that the legislature has excluded from boot-camp eligibility. *Id*. art. 42.12, § 3g (West Supp. 2007). Similarly, Hernandez asserts that TDCJ-CID violated the constitutional separation-of-powers requirement by imposing a new exclusion not found in the statute. We disagree that TDCJ-CID's actions here exceeded the powers that the legislature has delegated to it or exercised powers constitutionally vested in it by the legislature.[2] We overrule Hernandez's first point of error.

In his second point of error, Hernandez asserts that the district court "should have simply deleted the impossible conditions of the sentence, and left the remaining sentence of community supervision intact." In making this argument, Hernandez misconstrues the original judgment. The district court did not sentence Hernandez to community supervision. Rather, Hernandez was sentenced to ten years' imprisonment, with a recommendation that he spend the first 90 days in state boot camp, whereupon the district court "may suspend further execution of the sentence imposed and place [Hernandez] on community supervision under the terms and conditions of this article, if in the opinion of the judge the person would not benefit from further imprisonment." Tex. Code Crim. Proc. Ann. art. 42.12, § 8(a). As it turned out, Hernandez was not admitted into boot camp. The district court retained jurisdiction for 180 days after the date Hernandez was received into TDCJ-CID's custody. *Id*. When the hearing was held, the district court

---

[2] The State also contends that Hernandez failed to preserve his separation-of-powers complaint in the district court. We need not reach this contention.

7

had discretion to suspend Hernandez's sentence and place him on community supervision if the court was of the opinion that Hernandez "would not benefit from further imprisonment." *Id*. The district court did not do so. On this record, we find no abuse of discretion in the district court's decision. We overrule Hernandez's second point of error.

## CONCLUSION

Having overruled Hernandez's points of error, we affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed: August 1, 2008

Do Not Publish