COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-08-013-CR

KELVIN DEWAIN PRIMUS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH  DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Kelvin Dewain Primus appeals from a conviction for felony theft.  Upon his plea of guilty, a jury convicted him of the offense and assessed his punishment at two years’ confinement in the State Jail Division of the Texas Department of Criminal Justice; the trial court sentenced him accordingly but also awarded restitution for the stolen property.  Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  
Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 2) 
by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  Although Appellant was given an opportunity to file a pro se brief, he has not done so.

After an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record.
(footnote: 3)  Only then may we grant counsel’s motion to withdraw.
(footnote: 4)
 We have carefully reviewed counsel’s brief and the record.  The evidence in the record shows that the retail value of the merchandise Appellant stole was $237.71, but the record also shows that the complainant, Wal-Mart, recovered the merchandise before Appellant’s arrest.  There is no evidence that the property was damaged.  Accordingly, the trial court abused its discretion by awarding restitution.
(footnote: 5)  We therefore modify the judgment to delete the restitution award.
(footnote: 6)  

Except for this necessary modification to the judgment, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing else in the record that arguably might support an appeal.
(footnote: 7)  Accordingly, we grant counsel’s motion to withdraw and affirm the trial court’s judgment as modified.

PER CURIAM

PANEL:  DAUPHINOT, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  March 5, 2009

FOOTNOTES
1:
See
 Tex. R. App. P. 47.4.

2:
386 U.S. 738, 87 S. Ct. 1396 (1967).

3:
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays v. State,
 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

4:
See Penson v. Ohio,
 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). 

5:
See
 Tex. Code Crim. Proc. Ann. art. 42.037(c), (k) (Vernon Supp. 2008); 
Cartwright v. State
, 605 S.W.2d 287, 288–89 (Tex. Crim. App. [Panel Op.] 1980); 
see also Martin v. State
, 874 S.W.2d 674, 676 (Tex. Crim. App. 1994).

6:
See Ceballos v. State
, 246 S.W.3d 369, 373 (Tex. App.—Austin 2008, pet. ref’d); 
Bray v. State
, 179 S.W.3d 725, 729 (Tex. App.—Fort Worth 2005, no pet.) (en banc); 
see also French v. State
, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992).

7:
See Bledsoe v. State,
 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).