COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-013-CR

 

 

KELVIN DEWAIN PRIMUS                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Kelvin Dewain Primus appeals from a
conviction for felony theft.  Upon his
plea of guilty, a jury convicted him of the offense and assessed his punishment
at two years= confinement in the State Jail
Division of the Texas Department of Criminal Justice; the trial court sentenced
him accordingly but also awarded restitution for the stolen property.  Appellant=s court‑appointed
appellate counsel has filed a motion to withdraw as counsel and a brief in
support of that motion.  In the brief,
counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel=s brief
and motion meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief. 
Although Appellant was given an opportunity to file a pro se brief, he
has not done so.

After an appellant=s
court-appointed counsel files a motion to withdraw on the ground that the
appeal is frivolous and fulfills the requirements of Anders, this court
is obligated to undertake an independent examination of the record.[3]  Only then may we grant counsel=s motion
to withdraw.[4]








We have carefully reviewed counsel=s brief
and the record.  The evidence in the
record shows that the retail value of the merchandise Appellant stole was
$237.71, but the record also shows that the complainant, Wal-Mart, recovered
the merchandise before Appellant=s
arrest.  There is no evidence that the
property was damaged.  Accordingly, the
trial court abused its discretion by awarding restitution.[5]  We therefore modify the judgment to delete
the restitution award.[6]

Except for this necessary modification to the
judgment, we agree with counsel that this appeal is wholly frivolous and
without merit; we find nothing else in the record that arguably might support
an appeal.[7]  Accordingly, we grant counsel=s motion
to withdraw and affirm the trial court=s
judgment as modified.

PER CURIAM

PANEL:  DAUPHINOT, J.; CAYCE,
C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 5, 2009











[1]See Tex. R. App. P. 47.4.





[2]386 U.S. 738, 87 S. Ct.
1396 (1967).





[3]See Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991); Mays v. State, 904 S.W.2d 920, 922B23 (Tex. App.CFort Worth 1995, no
pet.).





[4]See Penson v. Ohio, 488 U.S. 75, 82B83, 109 S. Ct. 346, 351
(1988).





[5]See Tex. Code Crim. Proc.
Ann. art. 42.037(c), (k) (Vernon Supp. 2008); Cartwright v. State, 605
S.W.2d 287, 288B89 (Tex. Crim. App.
[Panel Op.] 1980); see also Martin v. State, 874 S.W.2d 674, 676 (Tex.
Crim. App. 1994).





[6]See Ceballos v. State, 246 S.W.3d 369, 373
(Tex. App.CAustin 2008, pet. ref=d); Bray v. State,
179 S.W.3d 725, 729 (Tex. App.CFort Worth 2005, no pet.) (en banc); see also
French v. State, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992).





[7]See Bledsoe v. State, 178 S.W.3d 824, 827B28 (Tex. Crim. App.
2005).