

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-08-013-CR

KELVIN DEWAIN PRIMUS                                    APPELLANT

V.

THE STATE OF TEXAS                                          STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Kelvin Dewain Primus appeals from a conviction for felony theft. Upon his plea of guilty, a jury convicted him of the offense and assessed his punishment at two years' confinement in the State Jail Division of the Texas Department of Criminal Justice; the trial court sentenced him accordingly but also awarded restitution for the stolen property. Appellant's court-appointed

------------

[1] See Tex. R. App. P. 47.4.

appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. Although Appellant was given an opportunity to file a pro se brief, he has not done so.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record.[3] Only then may we grant counsel's motion to withdraw.[4]

We have carefully reviewed counsel's brief and the record. The evidence in the record shows that the retail value of the merchandise Appellant stole was $237.71, but the record also shows that the complainant, Wal-Mart, recovered the merchandise before Appellant's arrest. There is no evidence that the

---

[2] 386 U.S. 738, 87 S. Ct. 1396 (1967).

[3] *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State,* 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

[4] *See Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

property was damaged.  Accordingly, the trial court abused its discretion by awarding restitution.[5]  We therefore modify the judgment to delete the restitution award.[6]

Except for this necessary modification to the judgment, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing else in the record that arguably might support an appeal.[7]  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment as modified.

PER CURIAM

PANEL:  DAUPHINOT, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 5, 2009

---

[5] *See* Tex. Code Crim. Proc. Ann. art. 42.037(c), (k) (Vernon Supp. 2008); *Cartwright v. State*, 605 S.W.2d 287, 288–89 (Tex. Crim. App. [Panel Op.] 1980); *see also Martin v. State*, 874 S.W.2d 674, 676 (Tex. Crim. App. 1994).

[6] *See Ceballos v. State*, 246 S.W.3d 369, 373 (Tex. App.—Austin 2008, pet. ref'd); *Bray v. State*, 179 S.W.3d 725, 729 (Tex. App.—Fort Worth 2005, no pet.) (en banc); *see also French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992).

[7] *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

3