# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH


NO. 2-09-345-CR

CHERYLE TAYLOR WIGGINS                                            APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Cheryle Taylor Wiggins of felony driving while intoxicated and assessed her punishment at sixteen years' confinement and a $10,000 fine. The trial court sentenced her accordingly. In her sole point, Appellant contends that the trial court erred by ordering that she pay court costs and attorney's fees as a condition of parole. The trial court did not so

---

[1] *See* Tex. R. App. P. 47.4.

order but merely "*recommend[ed]* that any unpaid amounts be added as a condition of parole," which is permissible.[2] [Emphasis added.] We therefore overrule Appellant's sole point and affirm the trial court's judgment.


                                    LEE ANN DAUPHINOT
                                    JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 31, 2010

---

[2] *See Ceballos v. State*, 246 S.W.3d 369, 373 (Tex. App.—Austin 2008, pet. ref'd) (noting that trial court has authority to recommend parole conditions and modifying judgment conditioning parole upon payment of court costs, fines, and attorney's fees to instead recommend that parole board order payment); *McNeill v. State*, 991 S.W.2d 300, 302–03 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd, untimely filed) (upholding judgment that recommended payment of restitution as condition of parole).