

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-00134-CR
No. 07-13-00135-CR

_____

**WILLIAM PERRY MCALLISTER III, APPELLANT**

V.

**STATE OF TEXAS, APPELLEE**

On Appeal from the Criminal District Court No. 3
Tarrant County, Texas
Trial Court Nos. 1276657D & 1311302D; Honorable Robb Catalano, Presiding

December 1, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, William Perry McAllister III, pled guilty in open court, before a jury, to burglary of a habitation[1] (Trial Court Cause No. 1276657D, Appellate Cause No. 07-13-00134-CR) and bail jumping[2] (Trial Court Cause No. 1311302D, Appellate Cause No.

---

[1] See TEX. PENAL CODE ANN. § 30.02(a)(1), (c)(2) (West 2011).

[2] See TEX. PENAL CODE ANN. § 38.10(a), (f) (West 2011).

07-13-00135-CR) and was sentenced to fifteen years confinement for each offense, with the offenses to be served concurrently. Appellant asserts (1) the trial court erred by admitting evidence of two extraneous offenses, (2) insufficient evidence supports the court costs in both cases and (3) the *Bill of Cost* for each case should be reformed to delete the requirement that the court costs be paid as a condition of parole. Because the *Bill of Cost* in each case, as amended, complies with chapter 103 of the Code of Criminal Procedure and does not contain any statements regarding parole, we affirm the trial court's judgment.

BACKGROUND

An indictment was filed in Cause No. 1276657D alleging that, on or about March 30, 2012, Appellant intentionally or knowingly, without the effective consent of the owner, Christopher Chestnut, entered a habitation with the intent to commit theft. Paragraph two of the indictment alleged that, on the same date, Appellant intentionally or knowingly entered Chestnut's habitation without his consent and did commit theft. The indictment also contained a repeat offender notice concerning Appellant's prior felony conviction for the offense of possession of a controlled substance.

An indictment was subsequently filed in Cause No. 1311302D alleging that, on or about January 7, 2013, Appellant, after being released from custody on a pending felony charge on condition that he subsequently appear in court, intentionally or knowingly failed to appear in accordance with the terms of his release as set out in Bond Number 1089042-J. The subsequent indictment also contained the same repeat offender notice.

2

Appellant entered open pleas of guilty to both offenses and asked the jury to set his punishment. The State waived the repeat offender notice on the indictment in Cause No. 127665D. After a punishment hearing, the jury assessed his punishment at fifteen years confinement and the trial court ordered the sentences to run concurrently. This appeal followed.

ISSUE ONE

During the punishment hearing, the State offered evidence of two burglaries that occurred in December 2004, which were very similar to the burglary charged in the indictment, i.e., the extraneous offenses involved the theft of a woman's wallet from a parked car in a garage near Appellant's residence in the early morning hours after the homeowners had left their garage door open. The evidence showed that, shortly after the two burglaries in 2004, Appellant and an accomplice were captured on video making purchases at stores near where the burglaries had occurred using credit cards taken from the women's wallets. There was also evidence Appellant pled guilty to the fraudulent use of the stolen credit cards but was not indicted for the two burglaries.[3]

Appellant asserted at trial that evidence of the 2004 burglaries was substantially more prejudicial than probative. The State's witnesses were the two homeowners whose garages had been burglarized and the investigating officer, Detective James Hobbs. Appellant objected to the testimony of the two homeowners but did not object to Detective Hobbs's testimony. Detective Hobbs's testimony was substantially the same

---

[3] The jury received an extraneous offense instruction that they could not consider the evidence in setting Appellant's punishment unless they found and believed beyond a reasonable doubt that Appellant committed the offenses, if any.

3

as the two homeowners except that he provided more detailed descriptions of the stolen items found in Appellant's possession and videos showing Appellant and his accomplices using the stolen credit cards and passing bad checks.

Texas law generally requires a party to object each time inadmissible evidence is offered. *See Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). If the same evidence is introduced from another source, without objection, the defendant is not in a position to complain on appeal. *See Reyes v. State*, 84 S.W.3d 633, 638 (Tex. Crim. App. 2002); *Ethington,* 819 S.W.2d at 858. Because Appellant did not object to Detective Hobbs's testimony, he waived this issue on appeal. *Id.* Accordingly, Appellant's first issue is overruled.

ISSUE TWO

Appellant asserts the original *Bill of Cost* in each case was not supported by sufficient evidence because each (1) was not signed, (2) failed to explain what the costs were, (3) was not dated, (4) failed to identify who was charging the costs or to whom the costs were owed and (5) failed to establish the trial judge saw each before ordering costs. Appellant does not assert the total amount of costs in each *Bill of Cost* is incorrect. After Appellant's brief was filed, the district clerk filed a new *Bill of Cost* in each case.

"We review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost, and traditional *Jackson* evidentiary-sufficiency principles do not apply." *Johnson v. State,* 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). "[M]ost court costs

4

(and certainly those discussed in this case) are mandated by statute and thus, subject to the old adage that 'ignorance of the law is no excuse,' dispenses with the need for an ordinary sufficiency review." *Id.* at 388.

A valid bill of cost "must contain the items of cost, it must be signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost, and it must be certified." *Id.* at 392. The new *Bill of Cost* filed by the district clerk in each case meets these requirements, i.e., it lists the itemized court costs that have accrued in that case, it contains the seal of the District Clerk of Tarrant County and it is electronically signed by a deputy clerk certifying that it is "a correct account of the Court Costs, Fees and/or Fines adjudged against the [Appellant]" in the respective cause numbers through March 20, 2013. As such, the new *Bill of Cost* in each case meets the requirements of chapter 103 of the Code of Criminal Procedure. *Id.* at 392-93. *See* TEX. CODE CRIM. PROC. ANN. arts. 103.001, 103.006 (West 2006). Appellant's second issue is overruled.

ISSUE THREE

The *Bill of Cost* in each case originally contained a statement requiring Appellant pay his costs as a condition of parole. The authority to set conditions of parole is limited to the parole board, TEX. GOV'T CODE ANN. § 508.221 (West 2012), and trial courts are without authority to dictate any condition of parole. *Ceballos v. State,* 246 S.W.3d 369, 373 (Tex. App.—Austin 2008, pet. ref'd); *Aguilar v. State*, 279 S.W.3d 350, 352 (Tex. App.—Austin 2007, no pet.); *Bray v. State*, 179 S.W.3d 725, 728-29 (Tex. App.—Fort Worth 2005, no pet.) (*en banc*). Because this language has been deleted from the new *Bill of Cost* in each case, Appellant's third issue is moot.

5

CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.