

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JOSE L. ALDANA, | § | No. 08-13-00243-CR |
| Appellant, | § | Appeal from |
| v. | § | 396th District Court |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC # 1333327R) |
| | § | |

**O P I N I O N**

This appeal arises out of Appellant's conviction on three counts of indecency with a child. Because his only issues for review pertain to the monetary fine which was assessed, and the Bill of Costs, we limit our discussion of the facts to those discrete issues.

**FACTUAL SUMMARY**

Appellant was charged with two counts of aggravated sexual assault of a child (Counts One and Two of the indictment) and three counts of indecency with a child (Counts Three, Four, and Five). He was acquitted on the two aggravated sexual assault counts, but convicted on all three indecency counts (Counts Three, Four, and Five). The jury assessed a sixteen-year sentence and a $3,000 fine on each of the indecency counts. The judgments of conviction for Counts Three, Four, and Five require the sentences to run concurrently. The judgment for Count Three assesses a $3,000 fine and taxes an itemized Bill of Costs totaling $654, making the total

amount due $3,654. An order to withdraw funds, which is expressly incorporated into the judgment, directs the Texas Department of Criminal Justice to withdraw on a percentage formula basis, $3,654 from Appellant's account until the total sum is paid. The judgments for Counts Four and Five also assess the $3,000 fine, but do not assess any court costs. The judgments of conviction for Counts Four and Five also include an order to withdraw funds for the respective $3,000 fines attributed to each count.

Appellant brings three issues for review. In Issue One, he contends that we should reform two of the judgments to delete the $3,000 fine because when the jail sentences run concurrently, the fines must also run concurrently. In Issue Two, Appellant complains that the Bill of Costs is defective. Finally, in Issue Three, he argues that the Bill of Costs should be reformed to delete the requirement that court costs must be paid as a condition of parole.

## DUPLICATIVE FINES

Fines which are part of concurrent sentences should also "run" concurrently. *State v. Crook*, 248 S.W.3d 172, 174 (Tex.Crim.App. 2008). The holding in *Crook* is based on TEX. PENAL CODE ANN. § 3.03(a)(West Supp. 2014), which in relevant part provides that "sentences shall run concurrently" when "the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action." *Id*. The sentences for certain crimes, such as Appellant was convicted of here, can run either concurrently or consecutively. *Id.* at § 3.03(b)(2). The trial judge here ordered the sentence to run concurrently, and we accept the State's concession that the fines should similarly run concurrently, in the sense that if Appellant pays one fine, he pays them all.

The State suggests that there is no proof that the Texas Department of Corrections will treat the three fines cumulatively, no more so than it would treat his sentence cumulatively. It

2

further responds that we should not modify the order to withdraw funds because it is a civil matter. Finally, the State alleges that any ambiguity in the judgments of conviction should have been raised in the trial court.

There is perhaps some ambiguity in the judgments with regard to the fines. The court costs are included in only one judgment, but the fines appear in all three, even though both the fines and court costs are intended to be treated the same (i.e. taxed concurrently). And as the Texas Court of Criminal Court of Appeals alluded to in *Crook*, it is natural to say that a sentence runs concurrently, because of the temporal element of a prison sentence. *Id*. at 175. But paying a fine concurrently is perhaps not as intuitive a concept. In an ideal world, the clerks and functionaries with the Texas Department of Corrections would understand the import of *State v. Crook.* But as a jurist once noted, "it is always probable that something improbable will happen." *Warren v. Purtell*, 63 Ga. 428, 430 (1879). Accordingly, we reform the judgments of conviction for Counts Four and Five to delete the $3,000 fine reflected in each. TEX.R.APP.P. 43.2(b)("The court of appeals may: . . . (b) modify the trial court's judgment and affirm it as modified."). The $3,000 fine for Count Three remains in place, and Appellant asserts no other ground to with regard to that Count.

We generally agree with the State that orders to withdraw funds are essentially civil matters falling outside the scope of our jurisdiction in a criminal appeal. *See Lewis v. State*, No. 05-12-00844-CR, 2014 WL 31690 at *7 (Tex.App.--Dallas Jan. 6 2014, pet. ref'd)(mem. op. not designated for publication)("The withdrawal order is not a criminal matter; it stems from a civil proceeding that is separate and independent from the judgment that assessed appellant's conviction and sentence."), *citing Harrell v. State*, 286 S.W.3d 315, 317-19 (Tex. 2009) and *In re Johnson,* 280 S.W.3d 866, 873-74 (Tex.Crim.App. 2008). The order to withdraw funds in

3

Counts Four and Five, however, are expressly incorporated into the judgments of conviction and became part of it. Having reformed the judgments of convictions in Four and Five to delete the $3,000 fine, the orders to withdraw funds are necessarily mooted.

## CHALLENGE TO THE BILL OF COST

"A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." TEX.CODE CRIM. PROC. art. 103.001 (West 2006). A cost bill is not essential to tax court costs against a criminal defendant, but it is favored and preferred. *Johnson v. State*, 423 S.W.3d 385 (Tex.Crim.App. 2014) (holding there is no requirement for challenging costs with the trial court).

Appellant here claims that the Bill of Costs is defective because the itemized charges are identified only by shorthand abbreviations which are undecipherable (i.e. "DC Rec Pre&Auto," "PO Commit/Rel," "Jud Support-CRM," "CCC-Felony"). He concedes that the Fort Worth Court of Appeals has heard and rejected this same complaint.[1] *Lawrence v. State*, 420 S.W.3d 329 (Tex.App.--Fort Worth, 2014, pet. ref'd); *Cranfill v. State*, No. 02-13-00567-CR, 2014 WL 4946979 *1 (Tex.App.--Fort Worth, Oct. 2, 2014, no pet.)(mem. op., not designated for publication)(noting abbreviations in Bill of Cost correlated to statutorily imposed fees and charges). We further reject Appellant's claim that the abbreviations deny him due process for lack of fair notice. As noted in *Johnson v. State*, the mandatory costs are fixed by published statutes which give criminal defendants constructive notice of their provisions. 423 S.W.3d at 389. Accordingly, we overrule Issue Two.

---

[1] In this transferred appeal, we are obliged to follow the precedents of the Fort Worth Court of Appeals. *See* TEX.R.APP.P. 41.3.

4

In Issue Three, Appellant complains that the Bill of Costs erroneously requires that any unpaid portion must be paid as a condition of parole ("Any amounts reflected above that are unpaid at the time of parole shall be paid as a condition of parole."). Setting conditions of parole is a power reserved to the executive branch, rather than the judiciary. *Ceballos v. State*, 246 S.W.3d 369, 373 (Tex.App.--Austin 2008, pet ref'd). The judiciary can only make recommendations regarding conditions of parole. *Id*. The State concedes this error and requests that we reform the Bill of Costs to remove that condition. *See Bray v. State*, 179 S.W.3d 725, 728 (Tex.App.--Fort Worth 2005, no pet.)(noting authority to reform judgment which improperly required payment of attorney's fees as condition of obtaining parol).

We therefore modify the judgment of conviction for Counts Four and Five to delete the $3,000 fine in each of those judgments. We grant relief under Issue Three to the extent that we reform the judgment of conviction for Count Three to delete from the Bill of Cost the following statement: "Any amounts reflected above that are unpaid at the time of parole shall be paid as a condition of parole." We affirm the judgments as modified.

May 14, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)