

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

NO. PD-0025-21

**DANIEL GARCIA, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE THIRD COURT OF APPEALS
BELL COUNTY**

KEEL, J., delivered the opinion of the Court in which KELLER, P.J., HERVEY, RICHARDSON, WALKER, SLAUGHTER, and MCCLURE, JJ., joined. NEWELL, J., concurred. YEARY, J., filed a dissenting opinion.

## O P I N I O N

A jury convicted Appellant of aggravated sexual assault, and the trial court sentenced him to twelve years' imprisonment and ordered him to pay $1,000 in restitution to the Office of the Attorney General. The court of appeals modified the trial court's judgment to delete the restitution requirement and affirmed Appellant's conviction as modified. *Garcia v. State*, No. 03-19-00375-CR, 2020 WL 4462805, at *1

(Tex. App.—Austin July 21, 2020) (mem. op., not designated for publication). We granted review to consider, among other things, whether an objection was required to preserve Appellant's challenge to the restitution order. We conclude that an objection was required, none was made, and Appellant forfeited his challenge to the restitution order, so we do not reach the remaining grounds for review.

## I. Overview

Appellant maintains that his complaint is a challenge to the "factual basis" of the restitution order, and the State says it is a challenge to the propriety of the order. Under *Idowu v. State*, a propriety complaint must be preserved, but a factual-basis complaint may not need to be preserved because it could be construed as an evidentiary sufficiency complaint. 73 S.W.3d 918, 921-22 (Tex. Crim. App. 2002).

But *Idowu* offered no guidelines for construing a factual-basis complaint to be an evidentiary-sufficiency complaint or for distinguishing a factual-basis complaint from a propriety challenge. Even if these concepts were clear, the idea that a sufficiency complaint need not be preserved rests on the constitutional requirement of proof beyond a reasonable doubt to support a conviction, a misplaced consideration in the context of a restitution order. Moreover, we find no controlling or persuasive authority for foregoing a preservation requirement for a challenge to the sufficiency of the evidence to support a restitution order. And imposing a preservation requirement would be consistent with our rules and jurisprudence that favor error correction in the trial court where possible. Consequently, we abandon the factual basis/sufficiency-vs.-propriety distinction in the

context of a restitution order and hold that even if Appellant's challenge were a factual-basis complaint that qualified as a sufficiency challenge, he would have forfeited it by his failure to object in the trial court.

## II. Background

The parties agree that Appellant's victim underwent a forensic sexual assault exam that was paid for by the Bell County District Attorney's Office, and the AG reimbursed the DA for the exam. The record shows that after assessing Appellant's punishment, the trial judge stated, "I'll also order that you pay $1,000 to the office of the attorney general as restitution in this case. Is there any legal reason why sentence should not be imposed?" Appellant's counsel responded, "Not at this time, Your Honor." The written judgment included the restitution order, and Appellant did not challenge it in a motion for new trial but did raise it on appeal.

The court of appeals observed that the payment by the Attorney General did not compensate a victim for any loss or injury. *Garcia*, 2020 WL 4462805, at *2. It reasoned that "restitution may only be paid to the victim or to a person who has 'compensated the victim for the loss.'" *Id.* (citing *Ceballos v. State*, 246 S.W.3d 369, 373 (Tex. Crim. App.—Austin 2008, pet. ref'd)). It held that the trial court abused its discretion in ordering restitution because there was no evidence that the victim paid for or was responsible for paying for any part of the sexual assault exam. *Id.* It did not explicitly address preservation.

Should we address the preservation issue or remand to the court of appeals to give

it an opportunity to do so? We think judicial economy justifies addressing it now because we granted review of the issue, the parties briefed it, and our caselaw on this point is muddled. *See Ford v. State*, 305 S.W.3d 530, 532–33 (Tex. Crim. App. 2009) (footnotes omitted) ("Ordinarily, a court of appeals should review preservation of error on its own motion, but if it does not do so expressly, this Court can and should do so when confronted with a preservation question."); *see also Jordan v. State*, 54 S.W.3d 783, 786 (Tex. Crim. App. 2001) (concluding that although the appellant asked the Court in his petition for discretionary review to extend an exception to his situation, the Court abandoned the exception as set forth in previous cases because "it creates unnecessary confusion and fails to satisfy its original rationale of promoting judicial economy."). So we will not remand the case for the court of appeals to address preservation.

## III. Preservation

Generally, to preserve an issue for appellate review, the complaining party must first raise the issue in the trial court. Tex. R. App. P. 33.1(a). Specifically, the propriety of a restitution order must be raised in the trial court. *Idowu*, 73 S.W.3d at 921. But *Idowu* drew a distinction between challenges to the factual basis of restitution orders and those that challenge the propriety of such orders; challenges to "the appropriateness of (as opposed to the factual basis for) a trial court's restitution order" must be explicitly raised in the trial court. *Id.*

But *Idowu* did not decide whether challenges to the factual basis for restitution orders must be raised in the trial court. *Id.* at 922. It only said that a "factual basis"

question "could be considered an evidentiary sufficiency question" that did not need to be preserved at trial. *Id.* Ultimately, it decided that "there was a factual basis for the amount of restitution the trial court ordered[,]" satisfying due process, and that Idowu failed to preserve any error in the "accuracy" of the restitution order. *Id.* at 922–23.

*Idowu* did not define "factual basis" but seemed to use it in reference to the amount of restitution ordered. *Id.* at 922 (noting that a preservation requirement for "an evidentiary sufficiency claim concerning a restitution order, or the amount of restitution, need not be resolved in this case"); *id.* (noting that "there was a factual basis for the amount of restitution the trial court ordered."); *id.* at n. 11 (noting that under our cases "the amount of restitution ordered must be 'just,' it must have a factual basis in the record, and it must compensate the victim.") That is consistent with treatment of "factual basis" in the restitution context in other cases. *E.g.*, *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980) (citing *Thompson v. State*, 557 S.W.2d 521, 525–26 (Tex. Crim. App. 1977)) ("Due process considerations thus implicated require that there must be some evidence in the record to show that the amount set by the court has a factual basis."). Due process challenges can be forfeited by failure to object in the trial court, so a challenge to the factual basis for a restitution order likewise should require preservation. *See Clark v. State*, 365 S.W.3d 333, 340 (Tex. Crim. App. 2012); *id.* at 339 (citing *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (stating that constitutional errors can be forfeited if a party does not properly object at trial) (footnote omitted)).

*Idowu* also acknowledged that disputes about "the proper amount or type of restitution" are required by statute to be resolved in the trial court. *Idowu*, 73 S.W.3d at 920 n. 5 (citing Tex. Code Crim. Proc. art. 42.037(k)). The statute puts the burden of proof on the prosecution to demonstrate the amount of loss sustained by the victim and the burden of proof on the defense to show the defendant's financial resources and needs. Act of Sept. 1, 1993, 73rd Leg., R.S., ch. 806 § 1, 1993 Tex. Gen. Laws 3207 (current version at Tex. Code Crim. Proc. art. 42.037(k)). It gives the trial court the discretion to put the burden of proof about other matters on the "appropriate" party "as justice requires." *Id.* Given the statute's requirements, it seems unlikely that a challenge to the amount of restitution ordered might be entertained on appeal without it having first been addressed in the trial court.

Even setting aside Article 42.037(k), the distinction between "factual basis" and "appropriateness" would not necessarily be clear cut. Here, for example, Appellant argues that his challenge is to the factual basis of the order, but he does not dispute that the victim in his case underwent a sexual assault exam, the exam cost $1,000, the DA paid for it, or the AG reimbursed the DA for it. He instead argues that restitution should not have been awarded to the AG, which sounds like a propriety issue rather than a factual-basis issue. The court of appeals took it as the former, characterizing Appellant's complaint as a challenge "to the propriety" of the restitution order. *Garcia*, 2020 WL 4462805, at *1. Even so, the court justified striking the restitution order by citing a lack of evidence to show that the victim had paid for the sexual assault exam, *id.* at *2, which

sounds like a sufficiency issue. Since the distinction between factual basis and appropriateness is unclear, we should not rely on it to decide whether challenges to restitution orders must be preserved in the trial court.

Even if the distinction were clear, however, we have found no persuasive or controlling authority to hold that factual-basis challenges to restitution orders require no preservation in the trial court.

Appellant relies on *Idowu*, but *Idowu* did not decide whether preservation was required to challenge the factual basis of a restitution order; rather it said that no such challenge had been raised. *Idowu*, 73 S.W.3d at 922–23.

Appellant also relies on *Burt v. State*, arguing that he could not have objected to the restitution order because the written judgment was not filed until after the sentencing hearing. 396 S.W.3d at 578. *Burt* is inapposite. Burt had no opportunity to object to the restitution order because the trial judge did not orally pronounce it at the sentencing hearing; he only ordered it in the written judgment. *Id.* In Appellant's case, the trial judge orally ordered restitution at the sentencing hearing, so Appellant had the opportunity to object.

*Mayer v. State* might be said to lend support to Appellant's position that his complaint did not need to be preserved in the trial court. 309 S.W.3d 552 (Tex. Crim. App. 2010). *Mayer* held that no trial objection was required to preserve a complaint about the sufficiency of the evidence to support an order to reimburse a county for court-appointed-attorney's fees. *Id.* at 556. But we will not extend *Mayer*'s holding to

restitution orders because its reasoning rested in part on a misreading of *Moff v. State*, 131 S.W.3d 485 (Tex. Crim. App. 2004), and it is distinguished from this case by the statute underlying it.

*Mayer* cited *Moff* as authority for answering affirmatively the question that *Idowu* left open—that is, whether a challenge to the factual basis for a restitution order "could be considered an evidentiary sufficiency question that need not be preserved by objection at the trial level." *Mayer*, 309 S.W.3d at 555 (citing *Idowu*, 73 S.W.3d at 922). But *Moff* didn't address that point. Rather, *Moff* addressed the need for a trial objection to preserve a complaint about the sufficiency of the evidence to support a theft conviction. *Moff*, 131 S.W.3d at 486. *Moff* said nothing about the preservation of challenges to restitution or reimbursement orders, so *Mayer* rests on a faulty premise.

Furthermore, *Mayer* was undergirded by Texas Code of Criminal Procedure Article 26.05(g) which requires a trial court—before ordering reimbursement of attorney's fees—to determine whether a defendant has the ability to pay. *Mayer*, 309 S.W.3d at 556. *Mayer* stated, "the defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Id.* Mayer's complaint was with the sufficiency of the evidence to show his financial resources and ability to pay, and his failure to object at trial did not waive that complaint. *Id.*

But unlike the statute governing reimbursement of attorney fees, the statute authorizing restitution does not explicitly require a trial court to make a determination

about the defendant's ability to pay when restitution is ordered; it requires the court to consider the victim's loss, net of any compensation by the crime fund, and "other factors the court deems appropriate."   Act of Sept. 1, 1993, 73rd Leg., R.S., ch. 806 § 1, 1993 Tex. Gen. Laws 3207 (amended 2001) (current version at Tex. Code Crim. Proc. art. 42.037(c)).   Consideration of the defendant's financial circumstances and ability to pay is explicitly required only in the event of a possible revocation for failure to pay restitution.   *Id.* at 42.037(h).   Since the statutory requirements underlying *Mayer* are distinguishable from those applicable here, we will not extend *Mayer* to this case.

Appellant's restitution complaint would have been more efficiently dealt with in the trial court.   Preservation requirements ensure that the judicial system is not burdened by costly appeals and time-consuming retrials.   *Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006) (citations omitted).   A timely objection allows the trial court an opportunity to prevent or correct errors.   *Id.*   Such a requirement also "guarantees that opposing counsel will have a fair opportunity to respond to complaints[,]" and "promotes the orderly and effective presentation of the case to the trier of fact."   *Id.* Given these considerations, a restitution complaint should be forfeited by a defendant who foregoes the opportunity to address it in the trial court.

## IV. Conclusion

Challenges to restitution orders must be raised in the trial court to preserve them for appellate review.   Appellant did not object to the restitution ordered here though he had the opportunity to do so.   He forfeited his complaint.   We reverse the judgment of

the court of appeals and affirm the judgment of the trial court.

Delivered: March 2, 2022

Publish